## REED v. CHUBB BROTHERS, BARROWS & Co.[1]

1. SET OFF. The defendant, in a civil action, may set off against the plaintiff's demand any claim held by him at the date of the commencement of the suit which would have been the subject of an action against the plaintiff.

2. COMMENCEMENT OF A SUIT. A suit is deemed, for some purposes, commenced by the filing of a petition in the District Court. *Strictly*, it is commenced by delivering the original notice to the sheriff, or by the actual service thereof by some other person. *Hagan* v. *Burch*, 8 Iowa 309; Code, 1851, section 1663.

3. DAMAGES: ATTACHMENT: SET-OFF. When a writ of attachment is sued out by separate petition filed *after* the commencement of the principal suit, damages sustained by reason of the wrongful suing out of such writ, cannot be pleaded as an offset to plaintiff's claim.

4. SAME. When the affidavit for the writ is filed with the petition in the principal action, and the writ is sued out at the commencement thereof, if it is wrongfully sued out, the damages sustained by the defendant therefrom, constitutes a claim against the plaintiff, at the commencement of the action, and may be set off against his demand.

*Appeal from Scott District Court.*

SATURDAY, JUNE 25.

Action to recover the amount of two certificates of deposit. The petition contains allegations of cause for an attachment. An attachment bond was filed with the petition, and a writ was immediately issued. The defendants, by their answer, set up damages sustained by reason of the wrongful suing out of the writ, as an offset to plaintiff's claim. A demurrer to the answer was sustained, and judgment rendered for plaintiff. Defendants appeal.

*Gurley & Rogers*, for the appellant.

I. The question whether a cause of action on the attachment

---

1. This case was followed in *Zinn & Co.* v. *Williams*, from the Dubuque District Court, decided at the present term, which is not reported at length, for the reason that no other question is presented or determined by the opinion of the court.

bond existed at commencement of the action, cannot be raised by demurrer. It should have been *replied* as matter of *fact*. The action is not commenced by filing the petition, but by delivery of the notice to sheriff, with *intent* that it be immediately served, which intent, though presumed from delivery, can be rebutted by evidence. *Non constat*, upon the record, that the attachment had not been *levied*, before the action was commenced. Code, section 1663.

II. The wrongful *suing out* of the attachment alone, entitles the defendant at least to *nominal damages*. Wherever a *right* is *violated*, the law gives a cause of action, without proof of actual damage. Sedgwick on Damages, chap. 2 and cases cited; 2 Greenl. Ev. sec. 254; *Whipple* v. *Cumberland Manufacturing Co.*, 2 Story 661; *Bagby* v. *Harris*, 9 Ala. 173. Action on an attachment bond is substantially an action for malicious prosecution, and the jury can give exemplary damages. Code, sec. 1854

III. The attachment bond is a "claim held" by defendant (if not "matured") at time of suit brought. Code, sec. 1740. "Claim" is not synonymous with "cause of action." There can be no cause of action in an unmatured claim.— The bond is "held" by defendant as soon as it is filed. This was concurrent with the filing of the petition.

IV. That damages not recoverable by law or claimed by the answer, are not a cause of demurrer. Sedgwick on Dam. 578; *Amory* v. *Broderick*, 5 B. & Ald. 712. Neither is it a ground of demurrer, that the answer prays that the attachment be quashed. If this is not warranted by law, the court will disregard it.

*Thorington, Brown & Armstrong*, for the appellees.

I. The defendants' claim or set-off, arises from the breach of the condition of the bond, and not until it is broken. It is broken only by a failure to pay the substantial damages, for only the *substantial* damages can be recovered. Code, sec. 1818. Substantial damages can accrue only after the commencement of the action. These things appear from the

pleadings and bond, or are conclusions of law from the facts averred, and therefore a demurrer is proper.   *Constat* upon record that the attachment was *not* levied until after the commencement of the action.

II.  The statute of set-off is in derogation of the common law, and should be strictly construed.   1 Kent, 464.

III.  The legislature did not intend to give the right to set-off this sort of claim, by the statute.   This intention is apparent from sec's 1847, 1854, 1740, 1946, 2347, 2209, 2125, 2128 of the Code.   A thing within the letter only, if contrary to the intention, is not within the statute.   15 J. R. 358; 3 Cow. 89.

IV.  If the facts averred in the pleading are insufficient in law to entitle the party to the relief prayed, the pleading is demurrable in so far as it sets forth facts as a basis for such relief.   Damages to reputation, good name, &c., are not recoverable in an action on the bond.   11 Paige 578; 24 Wend. 31; 10 Missouri 218; 8 Monroe 51.

STOCKTON, J.—The statute in relation to set-off, provides that the defendant may set off against the plaintiff's demand, any claim held by him at the time of the commencement of the suit, which would have been the subject of an action against the plaintiff.   The question in this case is, whether a claim for damages sustained by reason of the wrongful suing out of a writ of attachment, is a claim held by defendant at the time the suit is commenced, in the sense of the statute, and may be pleaded by way of set-off in the original suit.

The suit is deemed, for some purposes, to be commenced by filing the petition in the District Court.   *Hogan* v. *Burch*, 8 Iowa 309.   Strictly, it is commenced by the delivery of the original notice to the sheriff, or by the actual service thereof by some other person.   Code, sec. 1663.   It may thus happen that the attachment bond is filed, and the writ of attachment issued, after the action is to be deemed, in strictness of law, commenced.   So, it is provided that the proceedings in attachment, are independent of the ordinary proceedings, in

the suit, and only auxiliary thereto.   They may be com-
menced by separate petition, subsequent to the commence-
ment of the action.   Where this is the case, the claim for
damages sustained by reason of the wrongful suing out of
the writ, is not a claim held by the defendant, at the com-
mencement of the suit, and cannot be pleaded by way of set-
off in the principal suit.

Where, however, the affidavit for attachment, and the bond,
are filed, and the writ sued out, at the commencement of the
action, if the writ is wrongfully sued out, any damages sus-
tained by the defendant therefrom, constitute "a claim held
by him at the commencement of the suit," in such a sense
that the same may be set off against the plaintiff's demand,
in the same action.   He need not wait until the principal suit
is determined, before bringing suit on the attachment bond.
Code, sec. 1854.   The breach of the bond consists in the
wrongful suing out of the writ; and whatever damages have
resulted to the defendant therefrom, are to be deemed a claim
held by him at the commencement of the suit, and filing of
the bond, when these are concurrent acts; and may be set-
off at the time, as well as after the termination of the attach-
ment suit; and in the same suit, as well as in a separate ac-
tion on the attachment bond.

The demurrer to the plea of set-off should have been over-
ruled.

Judgment reversed.