## STADLER BRO. & CO. v. PARMLEE & WATTS.

1. ALLEGATION FOR AN ATTACHMENT.  Where the petition in an attachment suit alleged, that to "the best of plaintiff's knowledge and belief," the defendants had disposed of their property in part, and were about to dispose of it in whole, with intent, &c., which petition was verified by the affidavit of plaintiff's attorney, averring that said allegations "are true to the best of his knowledge and belief," it was held that the petition and affidavit were insufficient to authorize the attachment.

2. TWO OR MORE CAUSES OF ACTION IN ONE COUNT.  Two or more causes

Stadler Bro. & Co. v. Parmlee & Watts.

of action of the same nature (which are money demands) may be joined in one count. WOODWARD, J., dissenting.

3. EXHIBITS. Where in pleading as a set-off in an attachment suit, damages sustained on the attachment bond, reference in the answer to the bond as being on file is not sufficiently certain.

4. JOINT AND SEVERAL BOND. When a bond is joint and several, the obligee may set it off against demands in favor of one or of all of the obligors, but when it is joint only, it can not be set off against one of the obligors alone.

5. SAME: INDEPENDANT CAUSE OF ACTION. The defendant in an attachment suit may have a right of action against the plaintiff for the wrongful suing out of the attachment, independent of the bond. This cause of action may be plead as a set-off in the main action even when the bond is joint. WRIGHT, C. J., dissenting.

6. AMOUNT OF JUDGMENT. When the petition in an action on a promissory note asks for judgment for the face of the note and interest, in the judgment interest will be allowed on the note only from the commencement of the action.

7. WAIVER. Where the defendant filed an answer denying the cause of action alleged in the petition, and afterward filed another answer admitting the cause of action and pleading a set-off, held that the denial in the first answer was waived by the admission in the second.

*Appeal from Warren District Court.*

SATURDAY, NOVEMBER 5.

THE action is brought upon three promissory notes, and a writ of attachment is sued out. A motion to quash the attachment, and a demurrer to the petition, filed by the defendant, were overruled; and a demurrer of the plaintiff to the answer was sustained, and judgment was rendered in favor of the plaintiffs. The defendant appealed.

*Cole & Jewett* for the appellant.

I. The affidavit "*must* state that the affiant *verily believes* the defendant" is liable to attachment, and it is not sufficient to state the causes of attachment to the "best of" plaintiffs' "*knowledge* and belief." Code of 1851, section 1848; *Eads* v. *Pitkin*, 3 G. Greene, 77; *Lockard & Co.* v. *Eaton*, Ib. 543; *Pitkins et al.* v. *Boyd*, 4 Ib. 255; *Danforth, Davis & Co.* v. *Carter & May*, 1 Iowa, 546.

HARVARD
LAW SCHOOL

Stadler Bro. & Co. v. Parmlee & Watts.

II. The demurrer to plaintiffs' petition was well taken, for there was a mingling of different causes of action in one count, which is not good pleading, even under the Code. *Sands* v. *Wood*, 1 Iowa 263; *Freeman* v. *Fleming*, 5 Ib. 460.

III. The defendant in an attachment suit may avail himself of the damages sustained by the wrongful suing out of the attachment, as a set-off in the main action. Code of 1854, sections 1854, 1740. *Sample* v. *Griffith*, 5 Iowa 376.

IV. The reference to the bond which is on file in the case is "equivalent" to setting out a copy as an exhibit to the answer, and is sufficient. *Buckley* v. *The State*, 2 G. Greene 162; *Crew et al.* v. *McClung*, 4 Ib. 153; *Wrocklege* v. *The State*, 1 Iowa 167; *Latterett* v. *Cook*, Ib. 1; *Harrison* v. *Kramer et al.*, 3 Iowa 543.

V. To the objection that the defendant is jointly liable with others on the bond, and that it can not be set off against him alone, it is answered: 1. That the defense set up as an offset is in its nature a tort, and there can be no objection by the plaintiffs, who are wrong doers, that others are not joined with them; 1 Chit. Pl. 86*a*. 2. That if other parties are jointly liable with them, the advantage of such non-joinder can be taken only by plea in abatement, and not by demurrer. 1 Chit. Pl. 46, 453, *Lepage* v. *McCrea*, 1 Wend. 164; *Kinsman* v. *Dallan*, 5 Monroe 384; *Harrow* v. *Dugan*, 6 Wend. 342; *Williams* v. *Royle*, 1 S. & W. 77. 3. That the Code, section 1740, authorizes the commencement of suits on attachment bonds, and thereby authorizes such a claim by way of set-off.

VI. The court below rendered judgment for too large a sum, *Cameron* v. *Boyle*, 2 G. Greene 254; *Haven & Buck* v. *Baldwin*, 5 Iowa 503.

VII. After the demurrer was sustained to the second answer filed, there was still a general denial of the allegations of plaintiffs' petition, and it was error to render judgment by default; Code, section 1824; *Baldwin* v. *Winn*, 3 G. Greene 180; *Davis* v. *Brady & Co.*, 1 Morris 101; *Brown*

v. *Hollenbeck*, 2 G. Greene 318; *Elliott* v. *Leak*, 4 Miss. 540; *Corrall* v. *Marks*, 1 Scam. 391; 4 Blackf. 267; 5 Ib. 205; *Markey & Fitting* v. *Mettler*, 1 Iowa 528; *Sample* v. *Griffith*, 5 Ib. 376.

*Casady & Crocker* for the appellee, contended that the allegation of cause for the attachment was sufficient. Code of 1851, section 1848, *Crew et al.* v. *McClung*, 4 G. Greene 153; *Danforth, Davis & Co.* v. *Carter & May*, 1 Iowa 546. In alleging cause for an attachment it is not necessary to follow the exact language of the statute. *Crew* v. *McClung, supra.*

WOODWARD, J.—In the petition for the attachment, the plaintiffs allege that, "to the best of their knowledge and belief, the defendants have disposed of their property in part, and are about to dispose of it in whole, with intent" &c. The attorney, in making affidavit to this petition, avers that the statements are true "to the best of his knowledge and belief." The motion to quash is upon the ground that the petition and affidavit are insufficient. The law requires the affiant to declare that he "verily believes" that the other party has done, or is about to do, the objectionable act. To say that to the best of my knowledge and belief he is about to, expresses no belief. I may, consistently with that declaration, have very little knowledge, and a very slight belief in relation to it. Might not a third person make that affidavit nearly as well as the plaintiffs, though he had no knowledge upon it? Then the affidavit is in the same language. According to the best knowledge and belief of the attorney, the petition states the facts according to the best knowledge and belief of the plaintiffs. This does not approach near to an assertion that one "verily believes" the thing stated. The statute abstains from requiring a party to aver *the fact*, but calls for his belief, and nothing less than this will do. The defendant can form an issue on the ground for *belief*, but not on the other formula of expression. We think the court erred in sustaining this affidavit and petition.

The second assignment is to the overruling the defendants' demurrer to the petition, which was upon the ground that three causes of action, or three promissory notes, are united in one count. In the opinion of a majority of this court it is permissible to unite in one count of the petition, two or more causes of action of the same nature, they being money demands. In the present instance they are three promissory notes.

But I am inclined to look upon the point as being still under the common law rule, which requires each cause of action to be stated distinctly and by itself. The same reasons exist now which ever have existed for this practice, and which lie in the necessity for keeping the defenses distinct, in ordinary cases, and in the possible or probable confusion of defenses and issues, unless the causes of action are thus separate. When the Code permits several causes of action to be united in one suit, or petition, it does not mean in one *count*. And when the Code says the petition is sufficient if it states the cause of action in a manner intelligible to the common understanding, it refers to the statement of each several cause of action. The rules of law and of logic require the severence of the different causes. And I can perceive no difference between money demands and trespasses, or other causes of action. But the action of the court in overruling the demurrer to the petition upon this ground, is sustained.

The third assignment of error is to the sustaining the demurrer to the answer. In two counts of the answer the defendant pleaded as a set-off a claim for the wrongful procurement of the attachment.

The first cause of demurrer is, that no copy of the bond is filed. The answer refers to the original as being on file. This is not so certain as legal proceedings require. But this objection will apply only to the second count, for the first count of the plea of set-off (as we understand it) is based upon a supposed right of action independent of the bond. Other causes of demurrer to the set-off are, that this matter

can not be so pleaded in this action, and that the action and the set-off are not between the same parties.

That a cause of action arising from wrongfully suing out of an attachment may be set off in the same action in which the attachment is sued, was decided in the case of *Reed* v. *Chubb Bros., Barrows & Co.,* 9 Iowa 178. As to the second ground, that the causes are not between the same parties, when the bond is a joint and several one, as the obligee might sue one of the obligors, he may set it off against the plaintiff in the action. But when the bond is joint only as he could not sue one of the obligors, he cannot set it off against him. In the present case it is joint only, and therefore, (it being the bond of four obligors) he cannot make the use of it.

But, as before intimated, the first count of the answer in the set-off is understood not to be based upon the bond, but upon the right of action for a wrongful suing out of the attachment, independent of the bond. The right of action, under this view, would be against the *plaintiff's alone,* and therefore may be pleaded against them. As the demurrer was to the whole of the answer, and was sustained, the ruling was erroneous as to the first count, and the set-off should have been allowed.

The fourth assignment of error is to the amount of the judgment. When the plaintiff claims a certain amount, which is the face of the notes, and *interest,* the rule is to allow him interest from the commencement of the action. But this judgment is for a much larger sum than this would give. It is evident that interest from the time when the notes drew it, was included. There is error in this.

Another error assigned, is the rendition of judgment by default, when there was an issue made by the answer. The defendant first filed a brief, general denial of the averments of the petition. Afterward he filed another answer admitting the notes and pleading the offset. The above named first answer is not disposed of, so far as appears by the record, but the cause proceeded upon the second answer and the other proceedings, without any question appearing to be made

concerning the denial. The reasonable presumption is, that the denial was waived when the admission in the second answer was filed. There is no ground for the objection.

The judgment is reversed.

WRIGHT, C. J., *dissenting.*—I was not present when the case of *Reed* v. *Chubb Bros., Barrows & Co.*, and *Zinn & Co.* v. *Williams*, 9 Iowa 178, were decided, and never concurred in the view of the law there expressed. And now on the first opportunity when the question again arises, I desire to express my dissent. I have never supposed that a defendant could set off, on the trial of the main action, the damages resulting to him by reason of the wrongful suing out of the attachment. It is not in my opinion a claim *held by him at the time the suit was commenced.* The language of law is that the attachment can issue only at the *commencement or during the progress of the proceedings.* Section 1846, Code. Until the attachment issues there can be no damages, no claim in favor of the party defendant. Then if it has not issued and can not issue *before* the commencement of the action, how can it be a claim *held,* within the meaning of the statute, at the *time* of the commencement or institution of the suit. For these reasons thus briefly expressed, I dissent.