## BRANCH OF THE STATE BANK AT IOWA CITY v. MORRIS *et al.*

1. ATTACHMENT: DAMAGES ON BOND. Under § 3238 of the Revision of 1860 the defendant, in an attachment suit, may, by way of counter-claim or cross-demand, recover in the principal action for damages sustained by reason of the wrongful suing out of the writ: and when the bond is joint and several, both as to the obligors and obligees, one of the several

---

REPORTER.

Branch of the State Bank at Iowa City v. Morris.

obligees may set up such damages as a counter-claim against one of the several obligors.

2. SUBSTITUTED BOND. When a new bond is substituted for the one filed at the commencement of an attachment suit, it takes the place of the original bond, and will be treated as if filed when the action was commenced.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 15.

THIS action was brought against Morris, Welsh and Dickey, upon two joint and several promissory notes. An attachment was asked and issued against the property of Morris and Welsh, and each of them. The attachment bond was joint and several, and made payable to Morris and Welsh, or either of them. Morris alone answers, and, among other matters, pleads a set-off, for damages sustained on account of the wrongful suing out of the attachment. To this part of the answer there was a demurrer, which was sustained, and defendant (Morris) appeals.

*Clark* v. *Davis*, for the appellant, relied upon *Reed* v. *Chubb Bros.*, *Barrows & Co.*, 9 Iowa, 178; *Zinn & Co.* v. *Williams*, Id.; *Stadler Bros. & Co.* v. *Parmelee & Watts*, 10 Iowa, 23; Revision of 1860, §§ 2764, 2836, 2889.

*Edmonds* v. *Rawson* for the appellee, cited *Stadler Bros. & Co.* v. *Parmelee & Watts*, 10 Iowa, 25.

WRIGHT, J. — This action was commenced in January, 1861. The writs of attachment (for there were three) were issued at the commencement of the proceeding. The questions arising, therefore, are to be determined under the Revision of 1860.

In the cases of *Reed* v. *Chubb and others*, 9 Iowa, 178; *Zinn* v. *Williams*, Id., 178, and *Stadler Bros. & Co.* v. *Parmelee & Watts*, 10 Id., 23, it was held by a majority of the judges under the Code of 1851, that if the writ was sued out at

VOL. XIII.   18

the commencement of the action, a claim for damages for wrongfully suing it out, might be set off against plaintiff's demand. The language of the Revision, § 3172, is the same as that of the Code of 1851, § 1846. This court, as now organized, would, perhaps, give a different construction to this statute, but this we need not discuss, as we unite in the opinion that § 3238 of the Revision expressly recognizes the right of a defendant to claim such damages in the trial of the principal cause. · It is there declared that the defendant's remedy shall be on the bond, but he may, in his discretion, sue thereon, by way of counter-claim or cross-demand, and, in such case, shall recover damages as in an original action on such bond. Aside from the fact that this section seems, in express words, to treat such demand as a counter-claim, we should have been inclined to hold that it did not arise out of the contract or transaction set forth in the petition, and that it was not connected with the subject of the petition, within the meaning of § 2889, which gives the definition of a counter-claim. We should, as before intimated, have entertained heavy doubts, also, whether it was a cause of action, upon which suit might have been brought at the time of the commencement of the main action, as contemplated by § 2891, defining a cross-demand. The section referred to, however, ( § 3238,) gives the rule and definition as applied to this class of cases, and this we are not at liberty to disregard.

It was held in *Stadler Bros. & Co.* v. *Parmelee & Watts*, 10 Iowa, 23, that if the bond was joint and several, the obligee might set off his damages against a demand in favor of one or all the obligors. But not so when the bond was joint only. In this case the bond is joint and several, and, upon the authority of the above ruling, defendant would have a right to set off his damages against the plaintiff, (the Bank) one of the several obligors. But can Morris, one of the joint

and several obligees, set up this cause of action against one of the joint and several obligors. We are clearly of the opinion that in view of the power given to the court to render judgments, in such cases, by § 3123, (Rev.) he may set it up as a counter-claim, (and perhaps as a set-off.) Whether he could as a cross-demand, may admit of more doubt. (And see *Eyre* v. *Cook*, 10 Iowa, 586.)

There is no objection to defendant's demand, that he claims as for a tort, and not upon contract. He claims damages arising under a contract, most clearly. If it was otherwise, it is questionable whether it would make any difference. *Raver* v. *Webster*, 3 Iowa, 502.

The bond on file was substituted for the one given at the commencement of the action, and as it had the effect of sustaining and upholding plaintiff's attachment from that time (as far as the requirement of a bond is concerned,) so, from that date it is to be treated as defendant's security. Being such, it was not a claim accruing to defendant after the commencement of the action, as assumed by plaintiff. It took the place of the original one, and is to be treated as if then filed.

Other matters of minor importance are discussed by counsel. The foregoing views, however, dispose of the substantial points, and the judgment below will be

Reversed.