[No. 2,572.]

# M. MARQUART AND H. H. BREWER v. JOSEPH BRADFORD AND JAMES COCKBILL.

ABANDONMENT.—An estoppel *in pais* does not constitute an element in abandonment, nor is it one of the circumstances from which an abandonment may be found.

ESTOPPEL IN PAIS.—A party cannot be estopped by matters *in pais*, unless at the time the estoppel was worked he held the title.

EVIDENCE OF A PARTY TO AN ACTION.—Before a party in interest can be prevented from testifying to matters which occurred prior to the death of another, on the ground that the opposite party claims under or is the representative of such deceased person, it must be shown clearly that the opposite party occupies such position.

APPEAL from the District Court of the Eleventh Judicial District, El Dorado County.

This was an action of ejectment brought to recover a part of a water ditch. In 1857 John Curran and others constructed a ditch from the falls of the Gold Hill Canal to a mining claim called the "Curran Claim." In 1860–61 Curran, with the assent of the other owners, sold the ditch and claim to defendant Bradford, and one Wm. T. Davis, who died in September, 1868. In 1862 one Charles Aler discovered a mining claim on Starr Hill. He made a verbal agreement with Davis that Davis should give him one half the ditch for one half the claim. Afterwards, in 1863, Davis and Aler agreed to sell one Bingham a fourth interest of

ditch and claim.   The claim on Starr Hill was not on the line of the ditch, and in order to get water to the claim it was necessary to construct a flume from the ditch to Starr Hill.   This flume was constructed by Davis, Aler, and Bingham, from a point on the ditch at Tinnie's Vineyard; and it is only that portion of the  ditch  extending from the falls in the Gold Hill Canal to Tinnie's Vineyard that is in controversy in this action.   All that portion of the ditch extending from Tinnie's Vineyard to the Curran Claim is not mentioned in the complaint.   The ditch was used up to 1865 by Davis and Bingham, taking out water at Tinnie's Vineyard, and the defendants taking it at Curran Claim ; on the 23d of August, 1867, Davis and Bingham executed a deed to Tie Hoon and Ah Sing of the claim on Starr or Cement Hill; after describing the claim, the deed contains this clause: " embracing a cabin, and all ditches, races, and flumes, etc., now on and used for the working of said claim, including about one mile of flume for the purpose of bringing water to said claim."   This one mile of flume was the means used for bringing water from the " Curran Ditch."

On the first of July, 1868, Ah Young and Ah Gee deeded the same property to the plaintiffs, and upon this deed the plaintiffs base their right of action.

Defendant Cockbill, in his answer, alleged that in May, 1865, he purchased said Davis' undivided half of the ditch in consideration of three hundred dollars, and paid the price, and was placed in possession, and made improvements on the ditch, and had since remained in possession; that Davis promised to make him a deed, but failed to do so, and that the plaintiffs bought, well knowing that he was in possession under a claim of right.   He asked that the plaintiffs be compelled to convey to him.

On the trial the defendant Bradford was called as a witness by the attorney for the defendants, and was asked several questions in relation to who had possession of the

ditch and used it prior to Davis' death. The plaintiffs objected to any evidence on these points being given by Bradford, because they claimed title under Davis. The Court sustained the objection. It did not appear on the trial that Bradford had ever sold his interest in the ditch, and as Davis and Bingham's deed to the Chinamen was a conveyance of the entire property, the plaintiff insisted that his failure at the time to object to Davis' sale, either estopped him or amounted to an abandonment.

The plaintiffs had judgment and the defendants appealed. The other facts are stated in the opinion.

*George E. Williams,* for Appellants.

Bradford has never sold his interest, and it is that interest which he claims in this action.

The Court must have concluded that the evidence was not strong enough to sustain an *estoppel in pais,* or an abandonment, and therefore in its instruction it mixes the two. This instruction contains a new definition of abandonment. (See *Richardson* v. *McNulty,* 24 Cal. 345.) The instruction does not correctly define an *estoppel in pais. (Davis* v. *Davis,* 24 Cal. 40.)

*Geo. G. Blanchard, Chas. F. Irwin,* and *Geo. H. Ingham,* for Respondents.

The instruction was correct, whether applied to abandonment or estoppel. Bradford relied on prior possession, and an abandonment may be inferred from acts of omission as well as commission. (*Davis* v. *Perley,* 30 Cal. 637.) The instruction as to estoppel gives the correct rule. (*Davis* v. *Davis,* 26 Cal. 23.)

By the Court, RHODES, J.:

The second instruction given to the jury at the plaintiff's request is as follows: "Should the jury find from the testimony that Bradford ever had any interest or title in the property, they may take into consideration whether he had divested himself of such title, either by abandonment or otherwise. The question of abandonment is one of intention, of which the jury are the exclusive judges; and in order to determine such intention, they must take into consideration all the facts and circumstances before them; and if they find that Bradford stood by and saw Davis make a sale of the ditch to plaintiffs or their grantors, and made no objection or asserted any title in himself, he is bound by the sale." The instruction is, in our opinion, objectionable. It mingles together, in such manner as to mislead the jury, two legal propositions which are quite distinct and proceed on different principles—abandonment and estoppel *in pais*. It appears to treat an estoppel *in pais* as constituting an element of abandonment, or as one of the circumstances from which it might be found by the jury. But a party cannot be held as estopped by matters *in pais*, to assert title, unless at the time when it is claimed the estoppel was worked, he held the title. If he then held such title, it cannot at the same time be claimed that he lost it by abandonment.

The testimony of defendant, Bradford, as to matters which transpired before the death of Davis, was objected to by the plaintiff on the ground that they are the representatives of Davis within the meaning of section three hundred and ninety-three of the Practice Act. They claim title, as we understand the case, through two deeds: The deed of Davis and Bingham to Tie Hoon and Ah Sing, and the deed of Ah Young and Ah Gee to plaintiff, Marquart. The testimony is not sufficient to show that the grantees in the first, and

the grantors in the second deed are the same persons.   It not appearing that the plaintiffs were the representatives of Davis within the construction of that section, as given in *Davis* v. *Davis*, 26 Cal. 23, the objection to the testimony should have been overruled.

Judgment and order reversed and cause remanded for a new trial.