[Civ. No. 1789. First Appellate District.—July 5, 1916.]

## W. H. BONE, Appellant, v. H. V. TRAFTON, Respondent.

ATTACHMENT—DEFECTIVE AFFIDAVIT ON UNDERTAKING—AMENDMENT.— An undertaking on attachment to which is attached an affidavit of justification of sureties which by inadvertence fails to state whether the sureties are freeholders or householders is subject to amendment, and when amended it has the effect of validating the proceeding from its inception.

ID.—FILING OF NEW UNDERTAKING — FIRST ATTACHMENT NOT ABANDONED—INTERVENING CHATTEL MORTGAGE—LACK OF PRIORITY.—The filing of a new affidavit and undertaking on attachment and the procuring thereon of a new writ of attachment to correct the omission in the original affidavit accompanying the undertaking to state whether or not the sureties were freeholders or householders, does not constitute an abandonment of the original or first attachment, so as to permit a chattel mortgage executed between the issuance of the two writs to become a first lien, where the attached property was held by the sheriff at all times under the first attachment.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge.

The facts are stated in the opinion of the court.

Edward J. Kelly, for Appellant.

George P. Burke, for Respondent.

THE COURT.—This is an appeal from the judgment.   In this case the trial court prepared an opinion, which correctly sets forth the facts and the law applicable thereto, and which, omitting what is said touching one point not necessary, we think, to a disposition of the case, we adopt as follows:

In this action plaintiff seeks to recover damages from the defendant, as sheriff, for the alleged wrongful sale of personal property under a writ of attachment, without having first tendered to plaintiff the amount of a chattel mortgage owned by plaintiff, and which plaintiff claims antedated said writ of attachment.

The decision in the case involves a question of law based upon the following facts, which are undisputed, viz.: On October 7, 1914, in an action filed in this court (the superior court of the county of Santa Cruz), entitled, *"Arbanasin* v. *Radovan,"* Radovan was sued for $370, and costs, alleged to be due for merchandise sold to him by assignor of Arbanasin. On the day the action was filed an affidavit and undertaking for attachment were also filed, and the writ of attachment was issued and placed in the hands of the sheriff for service.   The writ was levied by the sheriff upon personal property, the title to which, so far as this action was concerned, was vested in Radovan free from encumbrance.   On October 16, 1914, nine days subsequent to the levying of the attachment, Radovan executed and delivered to the plaintiff in this action, W. H. Bone, a chattel mortgage for $630 covering the attached property.   The mortgage was duly recorded on October 17, 1914.   Thereafter, on the same day, Radovan filed a notice of motion that he would, on October 23d, move the court to discharge the attachment, on the ground "that the undertaking required by law before the writ should issue was not accompanied by the affidavit of the sureties thereon and therein that they were freeholders or householders within this state."   Thereafter, to wit, on October 19, 1914, Arbanasin made and filed another affidavit and undertaking on attachment, and had issued thereon another writ of attachment, which was also placed in the hands of the sheriff for service. On October 23d, the day on which the motion to discharge

the attachment was heard, Arbanasin presented to the court an application and asked permission to file a third undertaking, amending the undertaking filed on October 7th, and he based his application upon an affidavit in which, among other things, it was stated that the defect in the first undertaking was the omission of the word "free" or "house" in the blank space before the word "holder" in the affidavit of justification of sureties attached to said undertaking, and was "a mere unintentional oversight on the part of the officer or notary taking such affidavit." The court thereupon, on said twenty-third day of October, 1914, allowed the amended undertaking to be filed, and denied the motion to discharge the attachment. No appeal was taken from the order of the court in this respect, and it became final. The plaintiff Bone now claims that the act of Arbanasin in filing the second affidavit and undertaking on October 19th, and having procured thereon a new writ of attachment, all of which was done before the court permitted the filing of the amended undertaking, constituted a total abandonment of the original or first attachment, and that thereby the mortgage lien of Bone became and was a first lien.

The defect in the affidavit was amendable (*Tyson* v. *Reinecke,* 25 Cal. App. 696, 700, [145 Pac. 153], *Peterson* v. *Beggs,* 26 Cal. App. 760, [148 Pac. 541], *Jones* v. *Leadville,* 10 Colo. 464, [17 Pac. 272]), and there is ample authority holding that where a statute permits the correction of an original undertaking, or the substitution of a new one, it has the effect of validating the proceeding from its inception. (*Griffith* v. *Milwaukee Harvester Co.,* 92 Iowa, 634, [54 Am. St. Rep. 573, 61 N. W. 243]; 3 Standard Ency. of Pro., p. 460; *McCraw* v. *Welch,* 2 Colo. 284; *State Bank* v. *Morris,* 13 Iowa, 136; *Pierse* v. *Miles,* 5 Mont. 549, [6 Pac. 347]; *Langstaff* v. *Miles,* 5 Mont. 554, [6 Pac. 356]; Drake on Attachment, sec. 148.) Accordingly, in the present case, under the broad terms of section 558 of the Code of Civil Procedure, it must be assumed that at all times subsequent to the filing of the first undertaking there was a valid attachment unless, as claimed by the plaintiff, the first attachment was abandoned by the filing of the new affidavit and undertaking. In the case at bar the evidence shows without contradiction that the sheriff levied upon, at all times held possession of, and finally sold the personal property by virtue of the first attachment; and the sheriff in thus holding

and selling the property did not attempt to levy the second attachment at all but entirely ignored it. There was no evidence that Arbanasin or the sheriff intended to abandon the first attachment. In order to prevail, it was incumbent upon the plaintiff to make such proof, and having failed to do so, judgment was properly rendered against him. The authorities support this view. (*Stephens* v. *Mansfield,* 11 Cal. 363; *Marquart* v. *Bradford,* 43 Cal. 526–529; *Wood* v. *Etiwanda Water Co.,* 147 Cal. 228, 234, [81 Pac. 512]; *Utt* v. *Frey,* 106 Cal. 392–397, [39 Pac. 807]; 1 Words and Phrases, p. 4.) In the case of *Wright* v. *Westheimer,* 3 Idaho, 232 (2 Idaho, 962), [35 Am. St. Rep. 269, 28 Pac. 430], the facts are almost identical with the facts of the case at bar. In that case an attachment was levied upon real estate. That was an action to quiet title to land by removing a cloud therefrom caused by the issuance and levy of certain attachments. Subsequently a second attachment was obtained by the same plaintiff and levied by the sheriff upon the same property. Defendant claimed, among other grounds, that the act of procuring the second attachment operated as an abandonment of the first. The court said: "The appellant alleges in the complaint that the levy of the first writ was abandoned by reason of the issuance of the second writ and levying it upon the identical property on which the first writ was levied. The respondents by their answer deny the abandonment of the levy of the first writ, and state in their answer the reason for procuring the issuance of the second writ as follows: 'The said plaintiff having at that time come into more open and notorious assertion of rights and ownership in the said real estate, the defendants herein caused a new writ to issue, as provided by law, and procured the same to be levied on all the interest the said D. D. Wright then had in said real estate.' The abandonment of the first writ made an issue in the pleadings, the burden resting on the plaintiff. The record contains no evidence of abandonment. It is, however, contended that the abandonment was established by the issuance of the second writ, and the levying of the same upon the identical parcel of land on which the first writ had been levied. The answer to this is that the respondents denied any intention of abandoning the lien secured by the first writ, and aver that they procured the issuance of the second writ as a precautionary

measure only. The law does not presume or favor abandonments. The issue having been made by the pleadings, it was incumbent upon the appellant to establish the fact of abandonment, which he failed to do.''

Judgment affirmed.