THE PEOPLE *ex. rel.* OLIVER M. HYDE *v.* THE JUDGES OF THE CIRCUIT COURT FOR THE COUNTY OF CALHOUN.

The discontinuance of a suit in attachment by the original plaintiff, will not impair the right of a creditor who has previously filed his declaration in the cause, to proceed to judgment, nor affect his lien upon the property attached.

A motion to set aside a judgment for irregularity, made two years after it was rendered, the delay being unexplained, will be deemed too late.

Where one creditor only obtains a judgment in a suit commenced by writ of attachment, it is not necessary that the order of sale of the property attached, authorized by the statute, (R. S. 511, § 17,) should require the money arising from the sale to be paid into court; but if it require the same to be paid to the plaintiff, this will not vitiate either the order, or the proceedings under it.

This Court will not grant a *mandamus* to compel the Circuit Court to set aside a sale of property attached, to satisfy a judgment in that Court in a suit commenced by attachment, on the ground that the sheriff's return does not show all the steps required by law to make a valid appraisal and sale to have been taken, where it is made to appear, by affidavit of the sheriff, that such steps were in fact taken.

The Circuit Court might, upon application, founded upon such affidavit, grant an amendment of the sheriff's return. This Court, however, has no power to grant the amendment.

A judgment in a suit commenced by writ of attachment, will not be set aside for irregularity, on the motion of a person to whom the property attached had been conveyed by the defendant, after service of the attachment, but who is a stranger to the record.

MOTION for a *mandamus*. On the 19th day of February, 1839, Charles P. Dibble sued out a writ of attachment against Charles T. Moffatt, an absconding debtor, returnable in the Circuit Court for the county of Calhoun, which was served on the same day, by attaching certain real estate of the defendant, and by filing with the proper Register of Deeds, a copy of the writ, and a statement, as required by the statute, (R. S. 507, § 5,) in order to perfect the lien upon the property. At the next May term of the Circuit

Court, the defendant was duly called and his default entered.   On the 25th day of June, 1839, Schuyler and Wallingford, creditors of the defendant, filed their declaration under the attachment; and on the 2d day of the following November, Dibble, the original plaintiff, entered a discontinuance of the suit.   Schuyler and Wallingford afterwards proceeded, however, in the prosecution of their claim, and at the May term, 1840, obtained a judgment for $666.53, and an order for a sale of the property attached, to satisfy the same; which order required that the money arising from the sale should be paid to them.   The property was sold by virtue of this order.

On the 14th day of March, 1839, the defendant conveyed the property to Hyde, the relator, who was not a party to the suit, by deed recorded April 6, 1839; and, at the May term, 1842, after the sale, and return of the proceedings under the order, he made a motion to the Circuit Court, founded upon affidavits of the above facts, and upon the papers and proceedings in the cause, for an order setting aside the judgment, and all the subsequent proceedings, for sundry alledged irregularities.   This motion having been denied, the relator now applies to this Court for a *mandamus* to compel the Circuit Court to set aside the order denying the same, and to grant the motion.

*Bradley*, for the relator.

*Woodruff*, contra.

FELCH, J. delivered the opinion of the Court.

The motion below was founded on objections, 1st, to the judgment against the defendant in attachment; 2d, to the order of sale under which the land claimed by the relator was sold; and 3dly, to the officer's return of the proceedings in making the sale under the order.

1. Various irregularities were urged as objections to the

judgment.   The papers, however, show that the suit was well brought by the original attaching creditor, Dibble, and due service of the writ made, by attaching the land claimed by the relator, which was at that time the property of the defendant in attachment.   The creditors, Schuyler and Wallingford, had the right, under the statute, to file their declaration, and the discontinuance by the original attaching creditor did not impair their right to proceed in the suit, and obtain judgment.   Their lien was perfect, on the land attached, according to the provisions of the statute; and, after due notice to the world of the attachment, by filing notice thereof in the office of the register of deeds, the subsequent purchaser could only take the land subject to the lien of the creditor, created by the attachment.    These considerations are important here, as showing that the Circuit Court had jurisdiction, not only in the suit instituted by Dibble, the attaching creditor, but also to proceed under the statute after his discontinuance, and adjudicate on the claim of Schuyler and Wallingford.   The Court having this jurisdiction of the matter, the motion to set aside the judgment must depend entirely upon the alledged irregularities in the proceedings in the suit.

There is a fatal preliminary objection to the examining of these irregularities on this motion, arising from the lapse of time.   The judgment was rendered two years before this motion was made, and three regular terms of the Court had elapsed.   The rule of practice requires the party complaining of irregularities to present his application to the Court the first opportunity after the irregularity has taken place, and before any further proceedings have been had in the cause by the party complaining of it.   Grah. Pr. 702.   In New York, motions to set aside inquests for irregularity have often been denied, because they were not made at the earliest opportunity.   Thus, in *Hinde* v.

*Tubbs*, 10 John. R. 486, the court denied the motion, because one term had intervened. In *Thorp* v. *Fowler*, 5 Cow. R. 446, seven years had elapsed; and the court term it a case of gross negligence, and refused the motion, although accompanied by an affidavit of merits. In *Nichols* v. *Nichols*, 10 Wend. R. 560, only about three months had passed; yet the court say, in denying the motion, that, as it was an attempt to deprive the plaintiff of his judgment on the ground of mere irregularity, the defendant would be held to the strictest rules of proceedings, and, having been guilty of *laches* in making his motion, he was not entitled to be heard.

No excuse, or reason why the application in this case was made at so late a day, is given in the affidavits filed in the case; and the *laches* of the applicant is such as to prevent the success of his application to set aside the judgment.

2. The court was asked to set aside all proceedings on the order of sale, on the ground that the order itself was invalid. It ordered a sale of the property, and that the money should be paid to the plaintiffs. The relator objects that the order should direct the money to be paid into court. The statute, (R. S. 511, § 17,) provides for the sale, and that the money arising therefrom shall be divided among the several creditors in proportion to their claims. I do not understand the order as directing the officer to pay over the money collected to the creditors. It is consistent with its terms that he should bring it into court to be paid over. I do not understand the statute as prohibiting the court from making an order, if it should be deemed advisable, that the officer should pay it over to the creditor directly. When there is but one creditor obtaining judgment, as in this case, the money may take the same course as in an ordinary case of money collected on an execution. In that case the precept contemplates the

People *v.* Judges of the Calhoun Circuit Court.

payment of the money into court, yet, in all cases, where there are no conflicting claims to the same, a payment to the creditor is recognized by the court as good.    In the case before us, the order saying that the money should be paid to the plaintiffs, who alone were entitled to it, to the amount of their joint debt, cannot vitiate either the order or proceedings under it.

3. The third objection is, that the sheriff's return does not show all the steps required by law to make a valid appraisal and sale to have been taken, and that the sale should therefore be set aside.    Among the papers submitted in opposition to this motion, is an affidavit of the sheriff, showing that all the regular steps were taken as required by law, in making the appraisal and sale.    It often happens that the returns of officers in such cases are imperfect, and great indulgence is extended by courts, in allowing them to supply any deficiency, where it can be done in accordance with the facts.    Application is made here for leave to amend.    That leave cannot be granted by this Court; but, while the affidavit states facts which would authorize the amendment of the sheriff's return in the court below, we will not, by mandamus, compel the Circuit Court to set aside its proceedings.

There is another reason why this motion should not be granted, or at least so much of it as asks the setting aside of the judgment.    The relator, being a stranger to the record, and not a party in the suit, cannot question the validity of the judgment.    It is unnecessary to determine whether the Court should listen to his application to set aside the proceedings in making the sale under the order. Such applications have sometimes been heard.

GOODWIN, J. did not participate, the cause having been argued before he took his seat upon the bench.

*Mandamus refused.*