CHAS. A. WATSON ET AL. v. THEO. H. HINCHMAN ET AL.

*Notice of proceeding affecting a litigant's rights.*

Where a defendant's attorneys have withdrawn his plea they are nevertheless entitled to notice of all subsequent proceedings affecting their client's rights.

An affidavit of a defendant's infancy filed in another court and cause, does not conclude his co-defendants and enlarge their liability without giving them a chance to contest the showing.

Error to Superior Court of Detroit. Submitted Oct. 15. Decided Oct. 21.

ASSUMPSIT by Theodore H. Hinchman and others against Charles A. Watson, William D. Wait and Thomas G. Sutherland, co-partners. The declaration was filed Feb. 10, 1879. Watson pleaded the general issue with notice of set off, March 1st. Wait did not appear, and his default was entered and made absolute March 13th. Watson's plea was withdrawn in open court May 27th, and on June 2d judgment was entered for plaintiffs, which was set aside June 30th, without notice to Watson, and on motion of plaintiffs' attorneys, who were allowed to file an affidavit showing that in another suit brought by strangers to this record against these defendants in another court, the defendants filed Wait's affidavit for the appointment of a guardian *ad litem*, on the ground that he was a minor, being 20 years old June 19th, 1879. Plaintiffs then discontinued as to Wait and took judgment against the other defendants, who bring error.

*Wisner & Speed* for plaintiffs in error, cited *Winslow v. Herrick*, 9 Mich., 380; *Ballou v. Hill*, 23 Mich., 60; *Anderson v. Robinson*, 38 Mich.

*Griffin & Dickinson* for defendants in error, relied on the same cases.

MARSTON, J. We are of opinion that the attorneys who appeared in this cause on behalf of defendant Watson were entitled to notice of any subsequent steps taken in the cause affecting their client's rights, even although they may have withdrawn the plea by them filed in behalf of said defendant. The affidavit as to the infancy of defendant Wait, simply recited the fact that in another court and cause defendant Wait had made an affidavit that he was an infant, for the purpose of having a guardian *ad litem* appointed. If such affidavit filed in this case could be considered as any evidence of Wait's infancy, of which at least there must be considerable doubt, it could not be conclusive as to his co-defendants, whose liability could not thus be

enlarged, without an opportunity being given them to contest the fact. Nor could the judgment rendered against the three defendants be vacated upon this showing as to the infancy of one of them, the declaration amended setting up a cause of action against the two remaining defendants and a judgment rendered against them without notice to the attorneys who had appeared in the cause. We have repeatedly held that the rights of parties could not thus be changed or affected without giving them an opportunity to be heard. *Montgomery v. Merrill*, 36 Mich., 97; *Crawford v. Tuller*, 35 id., 57; *Jewett v. Morris*, ante, p. 689.

The judgment must be reversed and the case remanded for farther proceedings.

The other Justices concurred.