JOSEPH BUSHEY, SMITH R. WOOLEY AND DON M. DICKINSON
v. PETER RATHS.

*Attachment released by appeal—Place of seizure—Amendment of constable's return—Debt on appeal bond—Keeping animals taken on attachment.*

An appeal bond releases the lien of a justice's attachment.

If a constable's return to a justice's attachment is silent as to the place of seizure, it is presumed to have been, as directed by Comp. L., § 5275, "within the county."

Whether there need be notice of an amendment of a constable's return to a justice's writ of attachment, where the writ was not personally served and the defendant has not appeared—Q.

Special appearance in a justice's court for the sole purpose of moving to quash a writ, gives no right to thereafter serve the attorney with notice of an amendment of the constable's return.

An action of debt lies upon a bond given on appeal from before a justice, where the effect of the appeal is to release an attachment lien, or to delay the levy of execution.

A constable has no authority to work animals which he has taken on an execution, to pay the expense of keeping them.

Error to Wayne. Submitted Oct. 22. Decided June 12.

DEBT. Defendants bring error. Affirmed.

*Griffin & Dickinson* for plaintiffs in error.

*James H. Pound* for defendant in error. Delay occasioned to an obligee in a bond is a sufficient consideration for an action upon it: *Crist v. Burlingame* 62 Barb. 357; *Locke v. McVean* 33 Mich. 473; *White v. Reed* 15 Conn. 457; *Bell v. Bruen* 1 How. 169; *Hall v. Fowler* 6 Hill 630; *Leonard v. Speidel* 104 Mass. 356; *Thomas v. Hubbell* 15 N. Y. 405; *Rapelyer v. Prince* 4 Hill 119; *Iredell v. Barbee* 9 Ired. 234; *Coleman v. Bean* 3 Keyes 94; *Franklin v. Depriest* 13 Grat. 257; *People v. Norton* 5 Seld. 179; *Norton v. Mulligan* 4 Strobh. 355; *Outlaw v. Yell* 8 Ark. 352; *Bruce v. United States* 17 How. 437;

Brandt on Suretyship §§ 20, 30, 31; *Allbee v. People* 22 Ills. 533; *Redfield v. Haight* 27 Conn. 31; *Remsin v. Graves* 41 N. Y. 471. The execution of a bond precludes the parties thereto from denying the jurisdiction to proceed against the assets released by it: *Pritchett v. People* 1 Gilm. (Ill.) 525; *Morse v. Hodsdon* 5 Mass. 341; *United States v. Linn* 15 Pet. 290; *Leonard v. Vredenburgh* 8 Johns. 29; *Thompson v. Buckhannon* 2 J. J. Marsh. 416; *United States v. Tingey* 5 Pet. 115; *Decker v. Judson* 16 N. Y. 439; *Hill v. Burke* 62 N. Y. 116; *Gibbons v. Berhard* 3 Bosw. 685; *Prentiss v. Holbrook* 2 Mich. 372; *Lothrop v. Southworth* 5 Mich. 436, 48; *Dorr v. Clark* 7 Mich. 310; *Goebel v. Stevenson* 35 Mich. 172; *Trimble v. State* 4 Blackf. 435; *Sherry v. Foresman* 6 Blackf. 56; *Sumpter v. Wilson* 1 Ind. 144; *Sammons v. Newman* 27 Ind. 508; *Speake v. United States* 9 Cr. 28.

MARSTON, C. J. On the 28th day of February, 1877, Peter Raths commenced an action by attachment in justice's court against Joseph Bushey; property was attached under the writ, but no personal service, and on the 9th day of April, 1877, judgment was rendered therein against the defendant. April 14th, 1877, defendant filed with the justice an affidavit for a special appeal and bond, and a return thereto was made on the 17th. September 17th, 1878, the appeal was by the circuit court dismissed because the entry fee had not been paid; and on the next day an execution was issued by the justice upon the judgment rendered by him, and returned November 17th unsatisfied, no goods having been found. September 25, 1878, the case was re-instated in the circuit court, upon condition that appellant should pay $10 costs, waive his special appeal, and proceed to trial on the merits at the then term of court. And December 16th, 1878, this order not having been complied with, was vacated. February 1st, 1879, an *alias* execution was issued by the justice, returned April 2d, 1879, unsatisfied. The present action was thereupon brought upon the appeal bond, trial

had, judgment for the plaintiff and the cause brought here on writ of error.

The defence relied upon in the court below and in this court is, that the justice did not acquire jurisdiction of the person of defendant Bushey, the return of the constable being defective. · The defendant appeared specially in the justice's court and made a motion based on such defective return, which was overruled. An amendment of the officer's return was afterwards, on the adjourned day, in the absence of defendant, and without notice, permitted and made, but this also, it is claimed, even if properly made, was insufficient to give the court jurisdiction.

Where a constable returns that he has attached goods and chattels by virtue of a writ of attachment issued out of a justice's court, and the return is silent as to the place of seizure, we must presume that the officer did not violate the provisions of the statute which commands him to take the property of the defendant "within his county."

It is only from an inspection of the affidavit for appeal, of defendant Bushey, that we are enabled to ascertain what amendment was permitted by the justice and made by the constable. The return made by the justice on the appeal shows the amended return only, which on its face, as printed, does not indicate an amendment. The amended return in my opinion was sufficient in substance to give the court jurisdiction, and for the reasons hereinafter given, I do not consider it necessary to pass upon the power of a justice to permit an amendment without notice. Our statute in reference to amendments is very broad and has always been construed liberally in furtherance of the objects thereof, and whether the same rule would apply in justice's court as in the circuit, requiring notice to be given in a case where the defendant had not been personally served with process and had not appeared, may at least be a matter of doubt, as to require notice would be to deny the power of amendment in all such cases. The defendant's appearance on the return-day by attorney, for the sole and special purpose of a motion to quash, would not authorize the service of notice upon

such attorney thereafter, within the ruling in *Watson v. Hinchman* 41 Mich. 716. And upon the assumption that the defendant could not be found, then no notice of such proposed amendment could be given. But as already said the necessity for such notice in a justice's court, in a case like the present, we do not pass upon.

Irrespective of what the result might have been in the Circuit Court upon the special appeal, had it been pressed by the appellant, I think we cannot say, from an inspection of the files and record of the justice as returned by him to the Circuit Court, that the judgment rendered by him could be considered a nullity for want of jurisdiction, or that the plaintiff therein might not, could he have promptly sued out an execution thereon, have obtained satisfaction thereof in whole or in part. He had, by virtue of his attachment, obtained a lien upon certain personal property of the defendant, out of which he might have realized.

But it is urged in this case, that the motive which influenced the sureties to execute the appeal bond was the fact that this property was in the hands of the officer by virtue of the writ of attachment, and would or should be held by him to wait an execution. There is no evidence tending to show what became of the property attached. The executions were not delivered to the same constable who served the writ of attachment. The property attached consisted of a horse, cow, wagons and other personal property.

Where a justice's court attachment is delivered to a constable the statute commands him to attach so much of defendant's goods and chattels as will be sufficient to satisfy the demand, and safely keep the same to satisfy any judgment that may be recovered by the plaintiff therein. 2 Comp. L. § 5274. In cases commenced by attachment, execution shall, on application of the person in whose favor the judgment was rendered, be issued forthwith, unless stayed. § 5394. In suits commenced by attachment, where animals are seized and expense incurred in the keeping thereof, it is made the duty of the justice, upon the trial of the suit, to examine witnesses as to such expense, from the time of seizure up to and

including the day of trial, and to determine and adjudge the amount thereof, and incorporate the same into the judgment as a part thereof, in case judgment is rendered for the plaintiff, and the docket shall contain an entry of the amount so determined. § 5518. When cattle or live stock are taken on execution, the justice may allow the constable a reasonable compensation for keeping the same. § 5419.

These several provisions clearly indicate that the lien acquired by virtue of a writ of attachment is to remain in force only a reasonable time after the rendition of the judgment. They are to be safely kept to satisfy the judgment, and the plaintiff could not, after recovering a judgment, with the right of issuing execution thereon, permit the property to remain indefinitely upon expense in the officer's hands under the writ of attachment. The statute farther provides that after an appeal has been taken, on a proper showing thereof being made to the officer holding the execution, he shall forthwith release the property that may have been taken, or the body of the party against whom the writ was issued. § 5440.

If an appeal releases property taken on an execution, why should property held on an attachment not be released? The object a plaintiff has in attaching property is to secure satisfaction of any judgment he may thereafter recover, and property is taken upon execution for the satisfaction of the judgment. When, however, an appeal is taken, the bond given is presumed to insure satisfaction and there is no longer any object in retaining the property levied upon for such a purpose, and certainly this applies with at least equal force to property held under an attachment.

It is true the statute does not in express terms provide for the release of property held upon attachment as it does when held under execution; but was this necessary? The lien by virtue of an attachment holds only a reasonable time after a judgment has been recovered and a right to execution exists, and this the statute permits being done immediately upon the recovery of judgment in such cases. We do not wish to intimate that execution must issue at once on rendition of

judgment, or even within the time limited for the taking of an appeal, in order to protect the lien, or in cases where the plaintiff as the aggrieved party appeals. But where the defendant appeals, before the execution has been issued and the property attached taken thereon, we cannot suppose that the legislature contemplated that the property should be retained upon expense during the pendency of the appeal. In my opinion, whether the property is held under the attachment or execution, the appeal, when taken, causes its release, and the plaintiff thereafter looks to the appeal bond for his protection.

Any other rule, it seems to me, would work great injustice, as the owner of the property would not only be deprived of its use during the pendency of the suit, but the expense of keeping it in many cases would exceed the entire value thereof, and thus the judgment remain unsatisfied.

I am also of opinion that it may fairly be inferred from the record in this case that the property levied on was released during the pendency of the suit in justice's court. Sec. 5277 provides that the goods and chattels levied upon shall not be removed if a bond is given conditioned that they will be produced to satisfy any execution that may be issued or any judgment recovered by the plaintiff in the attachment. So if any person other than the defendant claims the goods attached, he may execute a bond, conditioned that in a suit to be brought thereon, he will establish ownership therein at the time of the seizure. § 5278. And upon either of such bonds being given the constable shall deliver up the property to the obligor. § 5279. And as the bond provided for in Sec. 5278 might be given after the return of the writ, the fact that such a bond had been given would not appear thereby.

As already referred to, the cost of keeping any animals attached may be proven on the trial and allowed, and the docket of the justice is to contain any entry of the amount thereof. § 5518. The docket of the justice, as appears by his return, contains no such entry, although animals were taken by the constable; and as he would have no authority to work them for their keep, even did it appear that he could

have done so, we should, I think, assume that the animals taken by the constable were not held by him under the attachment at the time of the rendition of the judgment. If they were not, defendant's motive in executing the bond could not have been the existence of such property in the constable's hands under the attachment. If they were in the constable's hands, and the taking of an appeal and giving a bond thereon operated as a release of the property, of which I have no doubt, then their motive, based upon a retention of the property by the constable, was wrong and could not benefit them.

If the property was in the constable's hands, and the effect of the appeal was to release it, surely this would be such an injury to the plaintiff as would entitle him to maintain this action. If it was not in the officer's hands, the delay caused by the appeal may have caused the plaintiff an injury. Had no appeal been taken, a prompt and vigorous prosecution of his remedy by execution might have enabled him to find property to satisfy the judgment, and which a delay might have deprived him of.

But even did it appear from an inspection of the files and record of the justice that the judgment was so far void that it could be attacked collaterally, I am by no means satisfied that the plaintiff could not maintain this action. The defendant therein was not willing to risk his rights upon the assumption that the judgment was absolutely void and could afford no advantage to the plaintiff. Had he done so the plaintiff might have abandoned his judgment, commenced another action, and collected his claim. The defendant, by taking an appeal, prevents this by agreeing in his bond to prosecute his appeal with all due diligence to a decision in the Circuit Court, and if a judgment should be rendered against him therein, to pay the same, or if the appeal should be discontinued or dismissed, then that the judgment of the justice should be paid. Here was an agreement entered into voluntarily. It has not been observed. Why then should it not be enforced according to the letter thereof? The defendant has obtained the benefit of delay by this means and injured

the plaintiff to a corresponding extent. The defendant at the time he took this appeal may have had sufficient goods and chattels out of which plaintiff could have collected his claim either in that action or in another which he might have brought. The delay may have cut off this right, or barred his claim under the statute of limitations.

View the case in any way, I am of opinion the defense relied upon cannot be sustained, and that the judgment should be affirmed with costs.

The other Justices concurred.