ANDREW J. KIDD v. SAMUEL K. DOUGHERTY.

*Attachment suit—Defective bond—Amendment of officer's return—Justice's return to special appeal.*

1. The statute permits a new bond to be given in attachment suits, where the one filed is found to be defective: Secs. 7770-1 How. Stat.

2 A justice of the peace has power under the statute of amendments, to permit an officer to amend his return to a writ of attachment, by showing *when* it was in fact made, and the writ and return filed with the justice. In a case where the defendant cannot be found, and only appears by an attorney, specially, to object to the jurisdiction of the court, notice of a motion to so amend cannot be given. An attorney so appearing is not entitled to such notice.

3. On special appeal from justice's court, the return of the justice upon all questions properly raised by the appeal, must be taken as true.

Error to Berrien. (Smith, J.) Argued January 5, 1886. Decided January 20, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Clapp & Bridgman*, for appellant.

*George M. Valentine*, for plaintiff.

SHERWOOD, J. The plaintiff claimed $65 of Samuel K. Dougherty, the defendant, as commission for selling a lot for him, and brought this suit therefor. The defendant being a non-resident, and having no property in the county, suit was commenced by attachment against the defendant, the plaintiff at the same time instituting garnishee proceedings against a party indebted to the defendant, in pursuance of the statute: How. Stat. §§ 6855, 6856; Laws 1883, p. 180. The writ of attachment was issued by a justice of the peace in Benton Harbor, on Friday, the thirtieth day of January, 1885, made returnable on the seventh day of February, 1885, at 1 o'clock P. M. The statute requires that the writ shall be executed at least six days before the return day thereof: How. Stat. § 6840. The officer making the service is required to make return upon the writ in writing, signed by him, of the time and manner of executing the same.

The record shows the following return made by the constable serving the writ:

" By virtue of the within attachment I, Cushan Burr, constable, on the thirty-first day of January, 1885, after diligent search, could not find any goods and chattels of the defendant mentioned on which to make a levy; and, after diligent search, the defendant could not be found in the county of Berrien; and, after diligent search, no last place of residence of the defendant could be found in Berrien county; and on the same day I left a copy of the within writ with James Bailey and Samuel A. Bailey, who were summoned as garnishees in the above cause.

" Dated January 31, 1885. CUSHAN BURR, *Constable*.

" Fees $1.10.

"I hereby certify in addition, that notwithstanding the date of my return is made on the thirty-first day of January,

1885, this writ was not brought into the court, and said return was not made and signed until about the third day of February, 1885.                    CUSHAN BURR, *Constable.*
" Dated March 11, 1885."

On the return-day of the writ the defendant did not appear.  The plaintiff appeared and filed a declaration in the case, and the cause was then continued until the eleventh day of March, 1885, at 1 o'clock P. M., at which time the plaintiff again appeared before the justice; and when the suit was called the defendant appeared specially by counsel, and moved to dismiss the case on the ground that the court had acquired no jurisdiction; that it appeared from the return of the officer "that he had not used the time required by law to make personal service."  The magistrate overruled this motion, and thereupon, on motion of the plaintiff's counsel, the officer was allowed to make the additional return appearing above.  The defendant took no further part in the case after the ruling of the court upon his motion to dismiss.  The plaintiff thereupon introduced his evidence, and the court rendered judgment in his favor for $63 damages, and costs taxed at $5.24.  The defendant took a special appeal to the circuit court for the county of Berrien.  The return to the appeal made by the justice was filed in the circuit on the sixteenth day of March, 1885.  The defendant appeared in the circuit court and renewed his motion to dismiss, which, on the fourteenth day of April, was overruled by the court, and the defendant allowed twenty days within which to plead.  The defendant failed to plead, and the plaintiff again recovered judgment.  The defendant brings the case to this Court on error, and relies upon the jurisdictional question raised in the courts below, viz., that the record shows defective service of the writ of attachment, and that the attachment bond contained but one surety.

The statute settles the question in regard to the bond.  If that was defective or insufficient, a new bond can be filed, and a good bond is offered by the plaintiff:  How. Stat. §§ 7770–1 ; *Beebe v. Young*, 13 Mich. 221 ; *McClintock v.*

*Laing*, 19 Mich. 305; *Torrent v. Muskegon Booming Co.*, 21 Mich. 159.

It is claimed the return of the constable to the writ of attachment in this case, as shown in the return made to the circuit court, is insufficient. It is the duty of the constable to hold his writ, and make efforts to find the defendant so as to secure personal service upon him, until the time allowed to make such service has expired: *Withington v. Southworth*, 26 Mich. 382; *Town v. Tabor*, 34 Mich. 264; *Brown v. Williams*, 39 Mich. 755. It appears the service was made on the thirty-first of January; that the first day of February was Sunday; and the defendant claims that the officer being required to hold his writ all day Saturday to obtain personal service of the writ, he could not make return thereof on that day. It is true no return of the writ could be made on Sunday, but I am not prepared to say it could not, under the facts stated, have been made on Saturday after the hours for the transaction of ordinary business had expired. I know of no rule which requires the officer to make search in the night for the defendant in an attachment case; but in the view I take of the case it is unnecessary to pass upon that question now. Justices' courts possess the same power as to amendments as courts of record before judgment: *Brace v. Benson*, 10 Wend. 213; *Babcock v. Lipe*, 1 Denio, 139; *Near v. Van Alstyne*, 14 Wend. 230; *Farrand v. Bentley*, 6 Mich. 284; *Perry v. Tynen*, 22 Barb. 139.

If the date of a summons may be amended, of which there seems to be little doubt, I can see no good reason why the date of the return to a writ of attachment may not be amended, by changing it according to the fact: *Bradbury v. Van Nostrand*, 45 Barb. 194; *Arnold v. Maltby*, 4 Denio, 498. I think our statute of amendments permits such changes in a return to be made: How. Stat. §§ 7631, 7634, 7638; *Arnold v. Nye*, 23 Mich. 286; *Myers v. Prosser*, 40 Mich. 644; *People v. Judges of Calhoun C. Ct.*, 1 Doug. 417. The provisions of the statute apply to cases in justices' courts as well as to courts of record: *Drew v. Dequindre*, 2 Doug. 93; *Barber v. Smith*, 41 Mich. 144; and as well to attach-

ment suits as to others: *Tilton v. Cofield,* 93 U. S. 163. In the case of *Barber v. Smith,* Mr. Justice CAMPBELL says:

" The right to cure errors by amendment while the proceedings are in progress has been liberally expounded in this Court.  *  *  * This power to cure errors and irregularities by amendment is a useful one, if wisely exercised ; and, when no provision to the contrary is made, it applies as fully to attachment suits as to others."

See, also, *Bushey v. Raths,* 45 Mich. 183.

On the adjourned day before the justice, at the time the motion was made to dismiss, the return shows a motion made for permission to the constable to amend his return, which was accordingly done, and whatever may be the effect of the first return, whether insufficient or not, certainly the amendment made by the officer shows a full compliance with the statute.   It says, notwithstanding the date of his first return, "the writ was not brought into the court, and said return was not made and signed until about the third day of February, 1885." The justice also states in his return to the circuit court that he thinks the writ was returned on the second day of February, 1885, and gives his reasons therefor.

In these cases of special appeal, upon all questions properly raised, the justice's return, as in cases of certiorari, must be taken as true.  Such being the case, I think the judgment of the circuit court was correct in overruling the defendant's motion to dismiss, under the circumstances as they appear in this case.  No notice of the motion to amend the return of the officer could be given.  The defendant could not be found, and counsel for defendant, appearing specially as he did before the justice, could not be regarded as so far appearing in the case as to be entitled to such notice : *Bushey v. Raths,* 45 Mich. 181.

It is unnecessary to consider the subject of waiver claimed by counsel for plaintiff.  I have been unable to discover any error in the proceedings, and the judgment should be affirmed, with costs of both courts to defendant.

The other Justices concurred.