Lea *v.* Vail.

---

JAMES H. LEA, appellant, *v.* DANIEL VAIL, appellee.

*Appeal from the Municipal Court of the City of Alton.*

Where a paper filed as an attachment bond has no seals affixed to it, it is the duty of the Court to permit the bond to be amended. It is error to refuse a motion to amend.

This cause was heard in the Court below at the December term, 1838, before the Hon. William Martin. Judgment was rendered for the defendant, and the plaintiff appealed to this Court.

A. COWLES and J. M. KRUM, for the appellant.

G. T. M. DAVIS and S. G. BAILEY, for the appellee.

BROWNE, Justice, delivered the opinion of the Court :

This was an action of *debt* brought by James H. Lea against Daniel Vail.

An attachment was sued out of the Municipal Court of the city

of Alton, by James H. Lea against Daniel Vail, to recover $ 963,89. At the trial of the attachment, the defendant in the Court below moved to dismiss the suit, because there was no bond filed in this entitled cause, as is required by the statute. The plaintiff, by his counsel, moved the Court to allow him to amend the bond. The record shows the instrument of writing filed by the plaintiff, purporting to be a bond, was defective, in having no seal or scrawl. The Court sustained the motion of the defendant, and overruled that of the plaintiff. To reverse that decision, the appeal is brought to this Court.

The law governing this case will be found in the Revised Code, page 71, § 28. (1) " No writ of attachment hereafter to be issued, shall be quashed, nor the property taken thereon restored, nor any garnishee discharged, nor any bond by him given cancelled, nor any rule entered against the sheriff discharged, on account of any insufficiency of the original affidavit, writ of attachment, or attachment bond, if the plaintiff, or some credible person for him, shall cause a legal and sufficient affidavit, or attachment bond to be filed, or the attachment to be amended, in such time and manner as the courts or justices shall respectively in their discretion direct ; and in that event, the cause shall proceed as if such proceedings had originally been sufficient." Under this statute the amendment of the plaintiff's bond ought to have been allowed. The Court erred in not permitting it. The decision of the Court below is reversed, and the cause remanded, with costs. The Circuit Court of Madison County will try the cause *de novo.*

*Judgment reversed.*

*Note.* Decisions in relation to attachments : Clark *v.* Roberts, Breese 222 ; Phelps *v.* Young, Breese 255 ; Bates *v.* Jenkins, Breese's App. 25 ; Hunter *v.* Ladd, 1 Scam. 551 ; Schooner Constitution *v.* Woodworth, 1 Scam. 511 ; Lawrence *v.* Yeatman *et al., Ante* 15 ; Beecher *et al v.* James *et al., Ante* 462.