## Scott v. Macy, *et als.*

1. Where an attachment is sued out as auxilliary to a suit commenced in the ordinary mode, a mistake in the writ of attachment, of the time when the Court is held, in which the original suit is pending, is *amendable.*
2. An attachment will not be quashed on account of a defective bond, unless the plaintiff is unwilling to execute a good bond.

Error to the County Court of Sumter county.

THIS action was commenced in the Court below, by the plaintiff in error, against the defendants, by writ of *capias ad respondendum.* As auxilliary to this process, the plaintiff on affidavit, obtained also a writ of attachment. The bond executed by him for the attachment, does not disclose the term to which the writ of attachment is returnable, and the attachment is made returnable to the first[1] instead of the second Monday in July. The plaintiff moved to amend his bond and attachment, which the Court refused, but on motion of the defendants, quashed the attachment.

INGE & SMITH, for the plaintiffs in error, cited 1 Ala. Rep. N. S. 580; 9th Porter, 320 ; 7th Porter, 486.

No Counsel appeared for defendant.

ORMOND, J.—This attachment was issued, as auxilliary to a writ, which had been sued out for the recovery of the same debt, and which the law under which it issued, required "should be filed with the papers in the original cause, and constitute a part thereof." In such a case, the writ of attachment is not the leading process in the suit, the parties being in Court by the writ which had previously issued. No possible injury could result from the mistake of the time when the Court was held, in which the suit was pending. However, therefore, the law might be, if the suit had been commenced by original attachment, in a case like the present, the error was a mere clerical *misprision,* and as such, amendable under the influence of the statute which authorizes amendments of defects of form in attachments. Aik. Dig. 42.

It is the settled law of this Court, that an attachment will not be quashed on account of a defective bond, unless the plaintiff is unwilling to execute a good bond, as is shewn by the cases cited by the plaintiff in error. There being, therefore, no sufficient reason for quashing this attachment, the judgment of the Court below is reversed, and the cause remanded for further proceedings.