TEVIS, SCOTT & TEVIS vs. HUGHES.

A suit by attachment ought not to be dismissed for any insufficiency in the bond, until the Court has given time and the plaintiff has failed to file a new bond.

## ERROR to Lewis Circuit Court.

ELLISON, *for Plaintiffs in Error.*

The only question seems to be whether a bond, signed by a firm in the partnership name, be a bond or not. The law governing the case will be found in 1st Mo. R. p. 139, and in Collier on Partnership 258-9; these authorities will, it is presumed, show the bond in this case to be good, at least against him who executed, and it was approved as good by the clerk.

If the bond was not good, yet the suit should not have been dismissed, but time should have been given to amend it. See Stat. 1845, p. 135, §6.

*Tevis, Scott & Tevis vs. Hughes.*

GREEN & STRINGFELLOW, *for Defendant.*

1st. The bond in this case is insufficient. It is not shewn that the security, if any, was a resident householder of Lewis county.

It is also insisted that there is no security to the bond, partners must have special authority to execute a bond. 1 Hen. & Mun. 422; 3 Munf. 189; 9 Johns. R. 285; 19 do. 513; 2 Pickering 345; 8 Pick. 326.

2d. No tender of a sufficient bond was made—and the bond filed being insufficient, the suit should have been dismissed.

SCOTT, J., *delivered the opinion of the Court.*

The plaintiffs in error commenced proceedings against the defendant by attachment, for the recovery of a sum of money. On the return of the writ, the defendant appeared and moved to quash the writ, for the reasons that the bond required by law before the issuance of a writ of attachment was not in pursuance of the statute; that no attachment bond was filed; that the bond filed was void. The bond, it seems, was executed by two of the plaintiffs, Tevis & Scott, as principals, whose names are inserted in the obligatory part of it, with a blank for the names of the sureties: the bond was executed by the two principals, and by Hotsen-piller & Agee, in their partnership name.

The Court sustained the motion, and dismissed the suit.

The statute regulating attachments, enacts that if the bond required by law, to be filed before the issuance of an attachment, shall be deemed insufficient, the Court, after notice to the opposite party, shall, by order, direct another bond to be executed within a limited time, and upon a non-compliance with this order, by the plaintiff, his suit shall be dismissed.

These provisions of the law were not complied with, but the Court, assuming the bond to be a nullity, treated it as such, and dismissed the suit, as though it had been instituted without filing any bond.

The bond for an attachment was first required by the act of February 6th, 1837. That act made no provision for sustaining the proceedings in the event of the bond being judged insufficient by the Court in which they originated; the consequence was, that many attachments were dismissed owing to the carelessness of parties and others in preparing and executing bonds. To correct this evil, the act of February 13th, 1839, was enacted, which contained the provisions above referred to respecting insufficient attachment bonds; this is a remedial statute, and should be construed liberally. It cannot, with any propriety, be said that the bond filed upon the commencement of the proceedings in this cause, is a nullity.

It was certainly the bond of the two principals, who executed it. As to the execution of it, in a partnership name, it was at least the bond of that partner who executed it, if the assent of the other could not be shown; although the omission of the name of the surety in the obligatory part of the bond, (the names of the other obligors having been inserted,) may have affected his responsibility, yet there was such a bond in the meaning of the act as should have induced the Court to make an order directing another bond to be filed. 11 Ohio R. 420.

The other Judges concurring, the judgment will be reversed, and the cause remanded.