WOOD *et al.*, Appellants, v. SQUIRES, Respondent.

1. If the plaintiff in an attachment suit file an insufficient bond, he has the right to file another.
2. In an attachment suit commenced in the names of the members of the firm of "Wood, Bacon & Co.," the attachment bond purported to be the bond of "Wood, Bacon & Co." as principals and "Northup & Co." as securities, and was signed thus—"Wood, Bacon & Co. [seal], by their attorney, P. S. Brown [seal]; Northup & Co., by H. M. Northup [seal]"—*held*, that the attachment bond was not a nullity and should not be treated as such.

*Appeal from Kansas City Court of Common Pleas.*

This was a suit by attachment brought by Richard D. Wood and others, members of the partnership firm of "Wood, Bacon & Co." The attachment bond commenced thus: "We, 'Wood, Bacon & Co.,' by our attorney, P. S. Brown, as principal, and 'Northup & Co.' as securities, acknowledge," &c. It was signed as follows: "Wood, Bacon & Co. [seal], by their attorney, P. L. Brown [seal]; Northup

& Co., by H. M. Northup [seal].'' Squires, the defendant, moved the court "to dismiss the attachment" because no such bond had been filed as is required by law. The next day after this motion was filed, the plaintiffs filed another attachment bond, which was approved by the court. The court afterwards sustained the motion of defendant and dismissed the suit.

*Hovey*, for appellants.

I. The first bond was a good one; it was at least the bond of P. S. Brown as principal, and H. M. Northup as security. (3 Johns. Cas. 307; 13 Johns. 306; 2 Greenl. R. 358; 9 N. H. 55; Story on Agency, p. 339.) Northup was bound. Whether the bond was sufficient or not, it was amendable. It was amended, and a satisfactory bond filed.

*Bolling*, for respondent.

I. A bond executed by the plaintiffs, or some one for them, and one or more securities, was necessary. The bond filed in this suit was not executed by the plaintiffs or any one else as principal. It is not pretended that Brown had authority under seal. It was not the bond of Brown.

RICHARDSON, Judge, delivered the opinion of the court.

The day after the defendant filed his motion to dismiss the suit and dissolve the attachment because the first bond was insufficient, but before it was disposed of, the plaintiff filed another bond, which was approved by the court; and, at that stage of the proceedings, the court erred in afterwards sustaining the motion. The first bond was not a nullity, and the ninth section of the attachment law permits the plaintiff to file a second bond, when the first is insufficient, or the surety therein has died or removed from the state, or has become or is likely to become insolvent. (R. C. 1855, p. 242, § 9; Vanandale v. Krum, 9 Mo. 397; Tevis v. Hughes, 10 Mo. 380.)

The other judges concurring, the judgment will be reversed and the cause remanded.