HENDERSON *et al.*, Appellants, v. DRACE, Respondent.

1. The objections to a writ of attachment issued in aid of a suit, that the caption of the writ and affidavit does not correspond with the title of the suit; that the cause of action set forth in the petition is improperly described in the affidavit and writ, are waived by the filing of a plea in the nature of a plea in abatement.

2. No attachment should be dissolved on account of the insufficiency of the affidavit, if the plaintiff shall file a good and sufficient affidavit in such time and manner as the court may direct. (R. C. 1855, p. 254, § 53.)

3. If the bond filed by the plaintiff in an attachment suit be insufficient, he has a right to file another. (R. C. 1855, p. 242, § 9.)

4. An attachment issued on the 13th of August, the affidavit and bond, which were not dated, were certified by the clerk to have been acknowledged on the 18th of August. *Held*, that, although this was probably a clerical error, yet if the affidavit and bond were not formally filed until five days after the writ of attachment issued, this would not authorize the quashing of the writ.

*Appeal from Dade Circuit Court.*

This was an action commenced February 26, 1856, in the Johnson circuit court, to recover damages for an alleged wrongful taking and carrying out of the state and conversion of a female slave belonging to the plaintiffs. The cause, as originally commenced, was entitled as follows : " Nancy E. Henderson, Lucinda N. Henderson, Georgia Ann Henderson, minors, by Joseph W. Henderson, curator of the estates of said minors, plaintiffs, v. Peter H. B. Drace, defendant." Defendant appeared and answered. Afterwards on the 13th day of August, 1856, in vacation, a writ of attachment issued in the cause. In this writ of attachment, and also in the affidavit and bond, the cause is entitled as follows : " Lucinda M. Henderson, Georgia Ann Henderson, minors, by Joseph W. Henderson, curator of the estates of said minors, Nancy E. Houx and George Houx, plaintiffs, v. Peter H. B. Drace, defendant." The jurat to the affidavit is as follows : " Subscribed and sworn to this 18th day of August, A. D. 1856. James McCown, clerk." An alias writ of attachment issued August 18, 1856, directed to the sheriff of Jasper county. Under this writ the said sheriff levied upon certain property of the defendant. In the original affidavit the affiant alleges that plaintiffs have a just demand against defendant, after allowing credits, &c., in the sum of $1,050 ; that defendant is so indebted for damages, for which an action has been brought, for injuries from the commission of a felony or misdemeanor ; and that he has good reason to believe and does believe that defendant is about to remove his property or effects out of the state with the intent to defraud and hinder and delay his creditors. At the May term, 1857, of the Henry circuit court, to which the cause had been taken by change of venue, the defendant Drace appeared and filed his plea in the nature of a plea in abatement, putting in issue the truth of the affidavit, and the cause was continued by consent. Afterwards, at the November term, 1857, of said court, the marriage of Nancy C. Henderson with George W.

Houx was suggested and said Houx was made a party plaintiff. At the April term, 1860, of the Dade circuit court, to which the cause had been taken by change of venue, the defendant moved the court to quash the attachment for the following reasons : because no sufficient affidavit was filed as required by law before the issue of the writ of attachment ; because no bond was filed before the issue of the writ of attachment ; because the writ does not show any circumstances which authorized its issue by the clerk in vacation ; because the cause of action set forth in the petition is not for damages occasioned by injuries arising from the commission of a felony or misdemeanor. This motion the court sustained, and released the property attached.

*Johnson & Ballou*, for appellants.

I. The circuit court erred in not permitting plaintiffs to amend the writs of attachment, if they were invalid upon the ground alleged in the defendant's motion to quash, " that it does not appear that said attachments were issued in aid of the original suit." (17 Mo. 405.) The law was complied with. The writs were entitled in the cause so far as it could be done in the case. Nancy C. Henderson, the wife of George W. Houx, had been married to him since the last continuance, and it was proper he should have been introduced in the proceedings as a party, or it might have been error. The affidavit for the attachment shows that it was in aid of the original suit. The original petition was attached to the writs. There is no pretence that there was any other petition filed. (R. C. 1855, p. 242.) The court should have allowed the writs to be amended. (R. C. 1855, p. 257, § 64, p. 1253 ; 19 Mo. 141.) The affidavit is sufficient. (R. C. 1855, p. 123.) The objection that there was no bond filed before the issue of the writs of attachment is no ground for quashing the writs, and if it was upon this ground that the writs were quashed, it is manifest error, as plaintiff offered to give a good bond, and in fact offered one before defendant's motion to quash was sustained. The bond filed was suffi-

cient. (7 Mo. 458; 16 Mo. 258;. 2 Scam. 473; 1 Scam. 551; 9 Mo. 397.) The filing of the bond with the clerk is *prima facie* evidence that he has approved it. (7 Blackf. 558, 536.) The question in this case is not whether this is a bond or not, but whether it shall be considered a sufficient paper or instrument of writing to allow the plaintiff to file another upon the ground that' it is not sufficient.

*Edwards & Ewing*, for respondent.

I. The court did right in sustaining defendant's motion to quash the writ of attachment. The bond was void. The law requires the affidavit and bond to be filed *in all cases* before the writ issues, in original as well as attachments in aid. (R. C. 1855, p. 241, § 5, 8, 13.) On the 13th of August, 1856, the writ was sued out, and on the 18th of the same month, five days thereafter, the affidavit and bond were filed. This of itself would be sufficient to quash the writ. If the writ can be issued five days before the bond and affidavit are filed, what obligation is there on a plaintiff to file a bond at all until forced by motion of the adverse party and an order of the court. Even then he is not bound to file it; and if he is insolvent and can not give a good bond, and in the mean time the defendant should be largely damaged, what remedy has he ? Merely because the plaintiff in this case proposed to give a good bond is no excuse for the failure to do so in the first instance. If property can be attached and parties perhaps subject to heavy damage in one case, they can in another; and to have permitted the plaintiffs to file a new bond, or to sue out the writ before the bond was filed, would be putting the rights of every one in jeopardy. The law was made for a purpose. (5 Mo. 18.) The bond was a nullity. (Drake on Attachments, § 115, 116, 121, 123.) The writ was irregular upon its face. (R. C. 1855, p. 243, § 16.) The cause of action is not for damages occasioned by injuries arising from the commission of a felony or misdemeanor. (3 Ark. 501; 2 Cal. 251; 6 Ark. 468; 2 Nott & McCord, 125; 1 Hill, 171.)

NAPTON, Judge, delivered the opinion of the court.

This suit originated in Johnson county, and was removed from that county to Henry, and thence to Dade county, where it was ultimately disposed of. The writ issued in February, 1856, and the petition is for damages occasioned by the defendant's taking and carrying off a slave alleged to belong to the plaintiffs.

On the 13th of August, 1856, an attachment was issued by the clerk of the circuit court of Johnson county in vacation, upon an affidavit of Joseph W. Henderson, curator of the minor plaintiffs, and the filing of a written contract purporting to be a statutory bond. This attachment was levied on property in Dade county.

Before the suit had been removed from Johnson county, a change occurred in the name of one of the parties plaintiffs, Nancy E. Henderson, by reason of her marriage with George Houx, which was brought to the attention of the court at the term subsequent to the date of the attachment, and the necessary change in the title of the case was formally entered on the record. Whilst the suit was pending in Henry, the defendant put in a plea in abatement, denying that the plaintiffs had good reason to believe that he was about to remove his property.

In the circuit court of Dade county, where the case finally went, a motion to quash the attachment was made, which was sustained, and an order made that the property attached should be restored to the persons from whom it had been taken by virtue of the attachment. The propriety of this judgment is the only question presented by the record.

The grounds upon which the defendant relied for quashing the writ of attachment are, that it is not properly entitled in the cause; that there is no sufficient affidavit or bond; and that the cause of action specified in the writ and affidavit and bond is not the one stated in the petition. When the motion was made, the plaintiffs offered to amend the writ and

affidavit and to file a new bond, but the amendment was not allowed, nor was the bond permitted to be filed.

There seems to be a clerical error in the date of the acknowledgment of the affidavit. The attachment issued on the 13th of August, and the affidavit and bond, though not dated, are certified by the clerk to have been acknowledged on the 18th of August, five days after the attachment issued. As the writ was returned by the sheriff on the 18th, it is quite probable that this discrepancy in the figures is merely apparent, and, if real, is at most a clerical error. It is not likely that the clerk would issue the writ before the affidavit was made and the bond given; but if this was so, and an interval of five days did occur between the date of the writ and the formal filing of these papers, it is hard to see how the error is remedied by quashing the writ.

Another objection taken was that the caption of the attachment and affidavit do not correspond with the title of the suit. It seems that after the commencement of the suit and before the attachment was sued out, one of the female plaintiffs intermarried with George Houx, and the clerk, taking notice of the change of name which this change of condition produced, made a corresponding change in the title of the cause. It is not pretended that any one was misled or could have been misled by this, and as the defendant, after all this occurred, came in and filed his plea in abatement, there was an appearance to the suit under the title which the clerk gave it in anticipation of the action of the court.

It was further objected that the affidavit and writ describe the cause of action improperly. The affidavit uses the very words of the statute. The affiant makes oath that the plaintiffs have a just demand against the defendant, and specifies the amount to which he believes the plaintiffs are entitled and alleges the existence of one of the causes allowed by the statute for suing out the writ. In addition to this, the affidavit proceeds to describe the nature of the damage which it is said the petition complained of, and calls the action one for injuries arising from the commission of a felony or mis-

demeanor. This is superfluous, and might well have been so considered. The petition explained itself sufficiently. No harm, however, could result to the defendant from an incorrect statement of its contents in the affidavit or writ of attachment, and the plea in abatement may be regarded as a waiver of the exceptions. Besides, the plaintiffs offered to amend, and this is now expressly allowed by the statute. (R. C. 1855, p. 254, § 53.)

The objection to the bond is, that the words " under seal" are omitted in the body of the instrument, although scrawls are appended to the names of the persons signing it. Our statute provides for a new bond or a sufficient bond whenever objections are discovered to the one first taken. When the plaintiffs offer a good bond, it is singular that the dismissal of the suit for the want of one should be insisted on. If security is the object, and the defendant is really desirous of trying the case on its merits, the bond offered answers the purpose. It is strange that a party should complain of being harassed without adequate indemnity against damage, when the opposing party comes forward and offers to give all the security required. To persist in a motion to annul the whole proceedings under such circumstances, would seem to show that the object is not security, but a release of the property attached, and a consequent discharge from all responsibility on his part. The effect of such a course must of course be to leave the party complaining without security, when the want of it is the only thing complained of.

The judgment is reversed and the cause remanded ; Judge Ewing concurring. Judge Scott absent.