JASPER COUNTY, Appellant, *v.* JOHN R. CHENAULT *et al.,* Respondents.

*Attachment—Bond—Practice.*—Before a writ of attachment can be issued, the plaintiff must give a bond with security as required by the statute. If the bond be insufficient, the suit may be dismissed if the plaintiff fail to file a good bond when required by the order of the court, upon proper motion and notice—R. C. 1855, p. 242, §§ 9 & 10. A bond signed by the plaintiff alone is not a nullity, so as to dispense with motion and notice.

*Appeal from Jasper Circuit Court.*

Attorney General, for appellant.

It was error for the court to quash the writ, and the suit, when only a portion of the defendants joined in the motion,

this being a suit for a tort. The county was not bound to file a bond as an individual. A suit by attachment ought not to be dismissed for any insufficiency in the bond until the court has given time and the plaintiff has failed to file a new bond—R. C. 1855, p. 242, § 9; 10 Mo. 380.

The judgment in this case should be reversed and the cause remanded, with leave to the plaintiff to file an amended bond; if indeed the county is regarded as an individual to give bond in suits by attachment.

*Phelps*, for respondents.

HOLMES, Judge, delivered the opinion of the court.

In this case the attachment writ was quashed, and the suit dismissed, on motion of some of the defendants, for the reason, as alleged, that no attachment bond had been filed by the plaintiff before the said writ was issued. It appears that a bond had been filed, executed only by the plaintiff by her attorney, the blanks left for the names of the sureties having never been filled up, and no person having signed the bond as surety. The circuit attorney filed his motion to set aside the order dismissing the suit, and the case comes up by appeal.

The statute provides that if the bond given be insufficient, the court may order another bond and such further security as may be deemed necessary to be given, upon giving the plaintiff, his agent, or attorney, five days' previous notice in writing of the application for such order. No such application appears by the record to have been made, nor any such notice given. When such order has been made, if the plaintiff fail to comply within ten days thereafter, the suit may be dismissed. There is nothing in the act which exempts a county more than any other plaintiff from giving this bond.

The parties and the court seem to have treated the bond given as a nullity. In this there was error. It may have been insufficient, but it was not a nullity; and the suit should not have been dismissed before any application for a

better bond had been made in pursuance of the statute. This was decided in Tevis v. Hughes, 10 Mo. 380.

The judgment will be reversed, and the cause remanded. Judge Wagner concurs ; Judge Lovelace absent.