————o————

R. L. McDONALD & Co., Appellants, *vs.* E. FIST & Co., Respondents.

1. *Attachment—Bond—Non-suit—New bond, etc.*—An attachment bond executed by A. principal, *per* B. surety, duly approved by the Clerk of the Court, is not an absolute nullity, such as will warrant a dismissal of the suit where plaintiff offers to substitute a good and perfect bond in its place.

*Appeal from Clinton Circuit Court.*

*J. E. Merryman,* for Appellants, cited: Henderson vs. Drace, 30 Mo., 358; Jasper county vs. Chenault, 38 Mo., 357; Tevis vs. Hughes, 10 Mo., 380; 1 W. S., 183, § 9.

*Harwood & Chalker, Hill & Carter,* for Respondents.

I. This is not the case of a defective bond. It is one in which the paper claimed to be a bond is a nullity. The statute expressly requires, that the bond shall be executed by some one as principal, and the mode pointed out by the statute must be strictly followed. (Stevenson vs. Robbins, 5 Mo., 18; Drake Attach., §§ 115, 117, 121, 124.)

ADAMS, Judge, delivered the opinion of the court.

This was an attachment suit originally commenced in the Cameron Court of Common Pleas, and transferred to the Circuit Court of Clinton county by the act abolishing the Common Pleas.

The defendant filed a motion to dismiss the attachment

upon the alleged ground, that no attachment bond had been filed before the writ was issued.

The record shows that there was an attachment bond filed and approved by the clerk of the court at the time the attachment was issued. This bond purports to be signed by the plaintiff, R. L. McDonald, as principal, per James Wilson, and Thomas E. Finney as surety.

When the motion to dismiss the attachment was called, the plaintiffs offered to file another good and sufficient bond, but the court refused to suffer the new bond to be filed, and sustained the motion to dismiss. Thereupon, the plaintiffs to preserve their attachment lien took a non-suit with leave to move to set it aside, and did file this motion, which was overruled, and the plaintiffs duly excepted to all the rulings of the court, and have brought the case here by appeal.

In sustaining the motion to dismiss the attachment, the court below no doubt acted on the presumption, that the original bond filed was an absolute nullity. This was certainly erroneous. The bond on its face, and as presented by the record, is in due form, and as the record shows, was duly executed by the parties. The principal acted through an agent; but the clerk approved the bond and the presumption is, that due proof of agency was presented to him.

There is no pretense that the bond was not duly executed by the surety; if so, it was not a nullity, but at most, only insufficient. If the bond was insufficient, it was the duty of the court to first require a new bond before taking steps to interfere with the attachment. (1 W. S., 183, §§ 9, 10 ; Tevis, vs. Hughes, 10 Mo., 380; Henderson vs. Drace, 30 Mo., 358 ; Jasper county vs. Chenault, 38 Mo., 357.) The plaintiffs did not wait to be ordered to file a new bond, but voluntarily offered to do so. If the first bond was good, this offer was unnecessary ; if it was insufficient, they had a right to file a new bond.

In any view of the case, the judgment must be reversed and the cause remanded.

Judges Vories and Sherwood concur; Judges Wagner and Napton absent.