ALLEN PIERSE, appellant, *v* FRANK R. MILES, respondent.

UNDERTAKING IN ATTACHMENT — *Conditions in — Sufficiency of.* — An undertaking in attachment, in which the sureties contract to answer for the wrongful suing out of the attachment, is not a sufficient compliance with a statute requiring such undertaking to be conditioned for the payment of all damages that the defendant may sustain, if it is finally decided that the plaintiff was not entitled to the attachment.

SAME — *Need not be signed by principal — Amendment of.* — An undertaking in attachment need not be signed by the plaintiff. The statute is complied with if two sufficient sureties sign the undertaking on behalf of the plaintiff. If such undertaking is defective, a new one may be filed without prejudice to the rights of the attaching creditor.

*Appeal from Second District, Silver Bow County.*

WM. O. SPEER and JOHN MADDEN, for appellant.

The undertaking in attachment need not be signed by the plaintiff. It is enough if signed by two sufficient sureties. See Statutes, Laws of Twelfth Session, p. 9; Wait's Pr. vol. 2, p. 151.

A defective undertaking may be amended. 12 Howard, 381; 10 Abb. Pr. 424; 6 Barb. 173; Drake on Attachment, secs. 146–148.

RANDOLPH & DE WITT, for respondent.

The undertaking was defective in two particulars. It did not provide for payment of all damages defendant "may sustain by reason of the issuing out of the attachment," as required by laws of twelfth session, p. 10, but only covered the case of "wrongful suing out." And, again, the bond should have been signed by the plaintiff. See statute last quoted; Drake on Attachment, secs. 131–137.

Unless expressly authorized by law, an amendment cannot be allowed. Drake, Attach. secs. 146–148.

The laws of Montana only allow amendments to pleadings. Code Civ. Pro. sec. 114.

New York cases are not in point, for there undertakings are submitted to judge, and attachments only issue for cause, here, of course. The defects of the undertaking in this case are not mere mistakes, as in California cases cited.

WADE, C. J. This is an appeal from an order dissolving an attachment, because of the insufficiency of the undertaking, and the refusal of the court to permit a new undertaking to be filed.

The undertaking given was not signed by the plaintiff, but was signed by two sureties on his behalf, and contained the following condition: "That if the defendant recover judgment in said action, or if the court shall

finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all costs that may be awarded to the said defendant, and all damages he may sustain by the wrongful suing out of the attachment."

This was the condition required by section 180 of the code, prior to the amendment of February 23, 1881 (12th Sess. Laws, 9). The amended section requires the following condition to an undertaking in attachment: "The condition of such undertaking shall be to the effect that if the defendant recover judgment, or if the court shall finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all damages."

1. The condition contained in the amendment to the section is broader and of wider scope than that required by the original section. A wrongful act implies malice. 1 East, 563; 2 Rap. Law Dic. 1371, title "Wrongfully." Private wrongs are civil injuries. A wrongful act is something that creates a liability, because of the wrong. A person might suppose that he was entitled to an attachment and be honestly mistaken. He might procure an attachment thinking his right was perfect, and subsequently ascertain that he was not entitled to it. In such a case there would be no wrongful act or intent on his part, but his sureties, on an undertaking drawn under the amended section, would be liable, while, if the undertaking was conditioned as provided for in the original section, they would not be liable. Under the amended section, the sureties are liable in any event, if it is finally held that the plaintiff was not entitled to an attachment; while under the original section they are not liable unless the plaintiff wrongfully procured the attachment to issue. These provisional remedies are purely statutory, and the requirements of the statute must be substantially complied with in all material particulars.

2. The statute provides that, before issuing the writ, the clerk shall require a written undertaking on the part of the plaintiff, with two or more sufficient sureties.

12th Sess. L. 9. An undertaking on the part of the plaintiff means an undertaking for him or on his behalf, and it is not necessary to the validity of such an undertaking that it be signed by the plaintiff. The statute does not require that he sign it, but that it be signed by two sufficient sureties on his behalf, or for him. The undertaking in attachment is not a bond with sureties.

3. The fourteenth section of the code provides that the court may, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by correcting a mistake in any respect. The purpose of requiring an undertaking in attachment is security to the defendant whose property has been seized by process of law. And it is not very material to the defendant when the undertaking is filed, provided this purpose is accomplished. Before the writ can issue, the clerk must require a written undertaking on the part of the plaintiff. But the clerk is not a judicial officer, and suppose he accepts an undertaking that is defective in form or otherwise insufficient. Are the rights of the plaintiff thereby concluded? Does he forfeit the fruits of his vigilance by reason of a clerical or other mistake? We think not. The one hundred and fourteenth section of the code is peculiarly applicable to cases of this kind. If the affidavit in attachment is found to be defective, it may be amended and the rights of the party saved. And for a like reason, if the undertaking is deficient, a new one may be given. The defendant ought not to object to the filing of a new undertaking for his benefit. A summons may be amended so as to make it conform to law. *Polack* v. *Hunt*, 2 Cal. 194. If an injunction is sought to be dissolved because of defect or insufficiency of the undertaking, the court or judge may require a new one to be given.

Drake on Attachments says: "Under a statute which provides that 'the plaintiff, before or during the trial, should be permitted to amend any defects of form in the

original papers,' it was held that a defective bond might be amended by the substitution of a new and perfect one, and that a defect in the bond would not be a sufficient cause for quashing the proceedings, unless an opportunity were given to the plaintiff to execute a perfect bond and he declined doing so." *Lowry* v. *Stowe,* 7 Porter, 483; *Planters' & Merchants' Bank* v. *Andrews,* 8 Porter, 404; *Lowe* v. *Derrick,* 9 id. 415; *Tevis* v. *Hughes,* 10 Mo. 380; *Scott* v. *Macy,* 3 Ala. 250; *Lee* v. *Vail,* 3 Ill. 473 (2 Scam.); *Wood* v. *Squires,* 28 Mo. 528; *Beardslee* v. *Morgan,* 29 id. 471; *Oliver* v. *Wilson,* 29 Ga. 642.

The provision of this statute is no broader than our own, which authorizes the amendment of any pleading or proceeding, for the correction of any mistake in furtherance of justice. The application for a writ of attachment is a proceeding to secure one of the remedies provided by law. And where the right to amend is given, it makes no difference whether the undertaking be void or only defective. In either case, it is the duty of the court to permit the plaintiff to substitute a sufficient undertaking. Drake on Att. sec. 148.

The law requires an undertaking or bond on appeal, but an appeal will not be dismissed because of a defect in or insufficiency of the bond or undertaking before giving the appellant an opportunity to file a new or sufficient one. And so we hold generally that it is within the spirit and meaning of the code to permit a plaintiff to give a new undertaking in attachment when he finds, by a decision of the court, or otherwise, that the first undertaking is defective or in any manner insufficient.

The order dissolving the attachment is set aside, and the cause is remanded to the district court, with directions that the plaintiff have an opportunity to give such a new undertaking in attachment as the law requires.

*Judgment reversed.*