W. CLAFLIN ET AL., Appellants, v. C. O. HOOVER ET AL., Respondents.

St. Louis Court of Appeals, January 19, 1886.

1. ATTACHMENT—ABATEMENT—PRACTICE.—The court having adjudged the affidavit and bond in attachment insufficient, on a plea in abatement, it is error to dissolve the attachment without giving the plaintiff a reasonable opportunity to file a new affidavit and bond.

2. ——— ATTACHMENT BOND—CO-PARTNERSHIP.—The principal obligors in an attachment bond may sign the same by their partnership name merely.

3. ——— DEFECTIVE AFFIDAVIT.—*Semble,* that an affidavit in attachment which does not state that the affiant makes it for the plaintiff, is fatally defective.

APPEAL from the Howell County Circuit Court, J. R. WOODSIDE, Judge.

*Reversed and remanded.*

OLDEN & GREEN, for the appellants; CHARLES CLAFLIN ALLEN, of counsel: The bond was sufficient. Rev. Stat., sect. 404. And bound the partnership which executed it. *Tevis v. Hughes*, 10 Mo. 380. The affidavit was sufficient. Rev. Stat., sects. 403, 464. If the affidavit was insufficient the plaintiff should have been allowed to amend. *Henderson v. Drace*, 30 Mo. 358.

EVANS & WOODSIDE, for the respondents: The affidavit having been made by a stranger to the record, is insufficient. Rev. Stat., sect. 403; *Gilkeson v. Knight*, 71 Mo. 404; *Miller v. Railroad Co.*, 58 Wis. 310. The bond was invalid and no new one was offered. Waples, Attach. 122.

LEWIS, P. J., delivered the opinion of the court.

After the filing of pleas in abatement by all the defendants, the attachment by which this suit was begun was dissolved on the defendant's motion, for alleged insufficiency in the affidavit and the bond. The affidavit was sworn to by James T. Flanigan, whose name does not appear anywhere else in the record. It is not stated that he makes the affidavit "for" the plaintiffs, as the statute expresses it (Rev. Stat., sect. 403), nor does it anywhere appear that he is agent or attorney for the plaintiffs, or that he is connected with them in any way whatever.

The authorities are pretty well agreed that such a defect is fatal to the affidavit. In *Gilkeson v. Knight* (71 Mo. 403), the affidavit was made by A. R. Conklin without any recital or averment that it was made for the plaintiff, or in his behalf. The supreme court sustained the attachment on the sole ground that on the face of the petition A. R. Conklin appeared to be the plaintiff's

attorney of record in the cause. The whole record should be considered, and "it would be a contradiction of the record to hold that in making the affidavit, he was making it for himself and not for the plaintiff." The opinion strongly intimates that, but for this fact of record attorneyship, the affidavit would be held insufficient.

The Wisconsin statute permits an attachment affidavit to be made by another "on behalf of" the plaintiff. In *Miller v. Railroad Co.* (58 Wis. 310), the validity of an attachment proceeding was called in question, wherein the affidavit began thus: "J. Kampschroer, on behalf of Ignatz Schierl, the plaintiff, being duly sworn," etc. It was held that the mere recital was insufficient, and that the affidavit, "if not made by the plaintiff, must contain a sworn statement that it is made on his behalf." A well known elementary work mentions a number of other cases wherein a like rigid adherence to the statutory terms is insisted upon, in the framing of the affidavit. Waples, Attach. 83, *et seq.*

The stringency of these rulings is thus upheld by the writer: "Because attachment is an extraordinary proceeding, permissible only in consideration of the danger the plaintiff fears in his attempt to collect his dues, the law granting him the writ to seize before judgment, should be strictly construed, and all liability of oppressing the alleged debtor should be carefully avoided." *Id.* 96. It would appear, therefore, from these authorities, that the court's ruling was proper; but it is unnecessary for us so to adjudicate, since it was followed up by proceedings which can not be sustained.

In many of the other states, no amendment of an affidavit is admissible, except in matters of mere form. An actual omission of anything that the statute requires, is fatal to the attachment. *Flexner v. Dickerson*, 65 Ala. 129.

But our statute seems broad enough to cover every possible defect: "Attachments in courts of record * * * may be dissolved on motion made in behalf of

the defendant at any time before final judgment, in the following cases: first, when the affidavit on which the same was founded shall be adjudged by the court insufficient; but no attachment shall be dissolved in such cases, if the plaintiff shall file a good and sufficient affidavit, to be approved by the court, in such time and manner as the court shall direct." Rev. Stat., sect. 445. The following entries appear in the record before us: "The motion to dissolve and dismiss the attachment in this cause came on to be heard, * * * and the court being now fully advised of and concerning the same, sustains said motion. It is, therefore, ordered by the court, that the attachment in said cause abate, and the property attached be discharged from said attachment. To which ruling of the court the plaintiffs except. That then and there the plaintiffs in said attachment suit tendered an amended affidavit and asked that they be allowed to file the same; which was by the court refused and denied; to which said ruling the plaintiffs then and there at the time excepted."

The bill of exceptions does not contain a copy of the amended affidavit offered by the plaintiffs, and, but for the fact that error had already intervened, the rule might be here invoked, which presumes everything in favor of the action of the court, where the record is silent; since it is impossible for us to know that the paper was a proper one to be admitted to the files, or that it was not excluded for that or some other sufficient reason. But the court erred in giving its judgment of dissolution and dismissal of the attachment, immediately upon its finding that the affidavit, or the bond, or both of them, were insufficient. It was a plain statutory duty, at that point, to give the plaintiffs time for any amendment they might desire to make, before the final order. The supreme court has so decided in several cases, where insufficiency was found in either the attachment bond or the affidavit. *Tevis v. Hughes*, 10 Mo. 380; *Henderson v. Drace*, 30 Mo. 358; *Jasper County*

*v. Chenault*, 38 Mo. 357; *McDonald v. Fist*, 53 Mo. 343; *Middleton v. Frame*, 21 Mo. 412.

The defendants' motion to dissolve the attachment, charges that the bond "is not dated, sealed, or approved, and is signed by a firm in partnership name." We find, however, that the bond, as copied into the record, is both sealed and approved. There is no date upon it, but that is immaterial, since the bond takes effect from the date of its filing. The partnership firm signature may, for aught that appears to the contrary, have been made by, or in the presence and with the approval of, all the members of the firm. If the contrary were true, that would be a matter for an affirmative showing by the party interested in defeating the bond. If such a showing were made, the proper ruling would be, not a dissolution of the attachment, but the giving of an opportunity to the plaintiffs to present a proper bond. See cases above cited, and Revised Statutes, section 406. The bond as it appears in this record is good upon its face, and contains no defect that should authorize a dissolution of the attachment. If it should appear that, as to any signature, it was executed without proper authority, the appropriate course to be pursued would be that which we have already indicated.

With the concurrence of all the judges, the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.