THE WHITMAN AGRICULTURAL ASSOCIATION, Respondent, v. THE NATIONAL RAILWAY, ELECTRIC AND INDUSTRIAL ASSOCIATION, Appellant.

### Kansas City Court of Appeals, April 27, 1891.

1. **Attachment:** EXECUTION OF BOND: MOTION TO QUASH. On motion to quash attachment because the bond is signed by plaintiff's attorneys without authority, but at the same time is signed by sureties, it is proper to overrule the motion and permit another bond to be filed.

2. ———: BOND: APPROVAL BY CLERK. The indorsement of approval on a bond is but evidence of approval ; but not the only evidence. If the clerk receives the bond and issues the writ, it amounts to an approval so far as the defendant is concerned.

3. **Sales:** PRESUMPTION AS TO CASH. The law is that nothing to the contrary appearing, the presumption is that a cash sale is intended.

4. **Attachment:** PERSONAL SERVICE: GENERAL JUDGMENT. Personal service in attachment authorizes a judgment *in personam ;* and the fact that, after appearing to the plea in abatement, defendant made default as to the merits does not alter the case.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Chas. L. Simmons, Chas. F. Keller* and *E. S. Castle,* for appellant.

(1) One of these "essentials," with which there must be a strict compliance, is the furnishing a good and sufficient bond. The bond must be signed by the plaintiff, or some one for him, as principal, and without such signature the signing of the security alone is ineffectual, and the bond is a nullity. If the bond is void (because of the lack of the signature of the principal, or for any other reason) there can be no filing of a new

bond *nunc pro tunc*. *Stevenson & Hord v. Robbins*, 5 Mo. 18; *The Steamboat Archer v. Goldstein*, 13 Mo. 24. The agent must have an express authority to sign the bond, and his retainer as attorney of record is not sufficient. *Foulks v. Falls*, 91 Ind. 315, 321; *Trowbridge v. Weir*, 6 La. 706; Waples on Att., p. 121. The bond was not merely insufficient, but absolutely void. A nullity cannot be amended. *Owens v. Johns*, 59 Mo. 89; *Stevenson & Hord v. Robbins, supra; Steamboat v. Goldstein, supra*. A failure to give bond is a jurisdictional matter. Wade on Att., sec. 113; *Henry v. Sweazy*, 5 Blackf. 273; *McDonald v. Fist*, 53 Mo. 343. (2) But the bond was void because of lack of approval by the clerk. Wade on Att., sec. 112; Waples on Att., p. 120. (3) The trial court proceeded upon the theory that the evidence showed an unquestioned transaction, in which, as credit was not specially mentioned, all idea of it was to be excluded, and a legal presumption was raised that the goods were to be paid for upon delivery. This was the very question being tried by the jury, and they were entitled to have the case for consideration, if there was any evidence, however slight or circumstantial, from which they might reasonably infer a credit. *Foundry Co. v. Printing Co.*, 3 Mo. App. 142; *Smith v. Smith*, 9 Harris, 367; *Mackaness v. Long*, 85 Penn. St. 158, *loc. cit.* 163. When goods are delivered without demanding payment the presumption is the payment is waived. *Smith v. Lyons*, 5 N. Y. 41; *Carleton v. Sumner*, 4 Pick. 516; *Shindler v. Houston*, 1 Den. 51. It must be stipulated by the contract that the price or value of the things sold was to be paid for on delivery, else attachment will not lie. If credit is given or intended, the creditor must pursue his ordinary action at law. *Harlow v. Sass*, 38 Mo. 34. (4) The defendant did not appear to the merits, or file any answer or other pleading to the merits, and an interlocutory judgment by default is all that could have been entered, and, when proved up, the final judgment

should not have been for anything different than was asked for in plaintiff's petition, which was a judgment for $195, to be a special lien upon the turnstiles. There was no authority to give a general judgment, when a special one was prayed for, and no answer filed by defendant. R. S. 1889, sec. 2216. Bliss in his treatise on code pleading upholds the doctrine which is a statutory provision. *Smith v. Wineland*, 21 Mo. App. 387; *Owens v. Johns*, 58 Mo. 89; *Greenvault v. Bank*, 2 Doug. (Mich.) 498.

*Spencer & Strop*, for respondent.

(1) When nothing is said at time of sale in regard to credit, a sale for cash will be presumed. *Cotton Press Co. v. Standard*, 44 Mo. 71; *Morris v. Rexford*, 18 N. Y. 552. (2) Presumptions are indulged in favor of the correctness of official actions. *Chandler v. Bailey*, 89 Mo. 641; *Baker v. Underwood*, 63 Mo. 384. (3) The acts of a *de facto* officer are valid so far as they concern the public or third parties. *State v. Douglas*, 50 Mo. 593; *Conway v. City of St. Louis*, 9 Mo. App. 488. (4) As against the defendant the issue of the writ is an approval of the attachment bond. Drake on Attachments, sec. 120. (5) Bond, if defective, was not a nullity, and the court committed no error in permitting a new bond filed. *McDonald & Co. v. Fist & Co.*, 53 Mo. 343. (6) A general judgment was proper in this case. Drake on Attachments, sec. 5; *Payne v. O'Shea*, 84 Mo. 129; *Borum v. Reed*, 73 Mo. 461.

ELLISON, J.—This was an action brought by plaintiff to recover $195, the purchase price of three turnstiles, alleged to have been bought by defendant of plaintiff in August, 1889. Plaintiff sued out a writ of attachment, on the ground stated in the affidavit, and also in the petition, that the turnstiles were to be paid for on

delivery, and that defendant failed to pay for same. The attachment bond was signed by the attorneys of record for plaintiff, in plaintiff's name, and was not indorsed as approved by the clerk of the court. The sheriff, under the writ, attached the turnstiles, and about four hundred and fifty bushels of corn found on defendant's premises. Plaintiff, in its petition, prayed for judgment for $195, and that it be declared a special lien against the turnstiles for the purchase price thereof. Defendant filed a motion to quash the writ of attachment, alleging that no bond had been filed by the plaintiff. The motion being overruled, the court allowed the plaintiff to file a new bond in ten days, which was done, against objections of defendant. Afterward, defendant filed a plea in abatement, denying the grounds of attachment stated in plaintiff's affidavit. The plea in abatement coming on for a trial before a jury, a verdict on the plea was found for plaintiff, whereupon, the defendant not appearing to the case upon the merits, the court proceeded to try the case, and gave judgment in favor of plaintiff for the sum prayed for by plaintiff together with interest and costs. The judgment was a general one.

Defendant filed a motion for a new trial, alleging the following reasons therefor, among others : That the court erred in overruling defendant's motion to quash the writ, and because the judgment was a general one. Defendant also filed a supplemental motion for a new trial, alleging a discovery of new evidence since the time of trial.

The only objection to the original bond is that it was signed for the principal by unauthorized agents, and that it was not approved by the clerk. The bond, though signed by the attorneys, who had no authority from the principals, was signed by sureties. It was not a nullity, and it was proper to permit another to be filed in its stead. *McDonald v. Fist*, 53 Mo. 343. It seems the clerk did not indorse on the bond his

approval thereof. He did, however, in fact, receive the
bond and issue the writ of attachment. The indorse-
ment of approval is but evidence of approval. It is not
the only evidence. If the clerk receives the bond and
issues the writ, it amounts to an approval as far as
concerns defendant. Drake on Attachments, sec. 120.
When, upon a sale, nothing is said as to credit and no
time be stipulated for, it is a cash sale. *Southwestern
Freight Co. v. Standard*, 44 Mo. 71. The law is that,
nothing to the contrary appearing, the presumption is
that a cash sale was intended

Complaint is made that a general judgment was
rendered against defendant. This was proper, as
defendant had been served with process. The fact that,
after appearing to the plea in abatement, they made
default as to the merits does not alter the case. The
court had jurisdiction over the person, which was all
that was necessary to authorize a judgment in *perso-
nam.*

Other points suggested are not deemed as well
made. Nothing is shown why the judgment should be
reversed, and it is affirmed. All concur.