WELLS v. McCRADY *et al.*

No. 134.   Opinion Filed July 13, 1909.

(103 Pac. 605.)

ATTACHMENT—Bond—Amendment.   Where a bond in attachment is conditioned as provided by Wilson's Rev. & Ann. St. Okla. 1903, sec. 4367, instead of as required by Act March 15, 1905 (Laws 1905, p. 325, c. 28), amendatory thereof, it was error for the court to discharge the attachment on account of such defect without first granting opportunity to plaintiff, who asked leave to amend, to file a new bond such as said act requires.

(Syllabus by the Court.)

*Error from District Court, Tulsa County; L. M. Poe, Judge.*

Action by Nelson D. Wells against J. C. McCrady and J. L. Mitchell.   Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Hulette F. Aby* and *William F. Tucker,* for plaintiff in error, citing *Ferguson v. Smith,* 10 *Kan.* 396, and *Gapen v. Stephenson,* 18 Kan. 140.

*Warren D. Abbott,* for defendants in error.

TURNER, J.   On December 7, 1907, Nelson D. Wells, plaintiff in error, plaintiff below, sued J. C. McCrady and J. L. Mitchell, defendants in error, defendants below, in the district court of Tulsa county on account for $631.45, for work and labor done and material furnished, and later filed affidavit and bond upon which an order of attachment and later an alias order of attachment issued, which were levied on certain real estate in the city of Tulsa, the property of defendant Mitchell.   On March 10, 1908, said Mitchell appeared and moved the court to discharge said attachment "for the reason that the attachment bond required by law on the part of the plaintiff has not been given and filed with the clerk of this court," which said motion the court sustained after refusing to grant plaintiff leave to amend and entered an

order accordingly, from which said action of the court refusing leave to amend said bond plaintiff brings error.

We think the court should have permitted plaintiff to amend by filing a new bond. The bond filed in the office of and approved by the clerk prior to the issuance of the order of attachment was drawn in accordance with Wilson's Rev. & Ann. St. Okla. 1903, § 4367, and was conditioned "that plaintiff shall pay to defendants all damages they may sustain by reason of the attachment if the order be wrongfully obtained," but omitted to add "including attorney's fees," as provided by the act approved March 15, 1905 (Laws 1905, p. 325, c. 28), amendatory of said section. For this reason the court held the bond to be defective and not subject to amendment. In this we do not concur, but are of the opinion that the bond was amendable under our general statute of amendments set forth in Wilson's Rev. & Ann. St. 1903, § 4343, in effect authorizing the court, either before or after judgment, in furtherance of justice, to amend any pleading, process, or proceeding by correcting any mistake in any respect or by inserting allegations material in the case. This has been so held in jurisdictions containing a like statute.

In *Kissam v. Marshall,* 10 Abb. Pr. (N. Y.) 424, defendant moved to vacate the attachment, among other things, for the reason that the undertaking therefor was in a sum less than provided for in the Code. The court in passing cited certain cases where amendment had been allowed in similar circumstances and said:

"The terms of section 173, permitting amendments in furtherance of justice, are very broad, extending to the correction of a mistake in any respect, in the pleadings, process, or proceedings of an action"—

and overruled the motion and permitted plaintiff to file a new undertaking.

*McCraw v. Welch,* 2 Colo. 284, was a suit in replevin for certain personal property upon which an attachment had been levied. The officers against whom the suit was brought justified under the writ and were permitted to show that defendant's bond in attachment otherwise defective had been cured by amendment, which

the court said related to the commencement of the suit and validated the proceeding throughout.

*Pierse v. Miles,* 5 Mont. 549, 6 Pac. 347, was an appeal from an order dissolving an attachment because of the insufficiency of the bond and the refusal of the court to permit a new bond to be filed. The bond, besides being otherwise defective, contained, the following conditions:

"That if the defendant recover judgment in said action, or if the court shall finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all costs that may be awarded to the said defendant, and all damages he may sustain by the wrongful suing out of the attachment"—
which was the condition required by a former act, which had been amended, requiring:

"The condition of such an undertaking shall be to the effect that if the defendant recover judgment, or if the court shall finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all damages."

The Supreme Court held the bond amendable under the 114th section of the Code, which provided that the court may in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by correcting a mistake in any respect, and in passing quoted approvingly from Drake on Attachments, § 147:

"Under a statute which provides that 'the plaintiff, before or during the trial, should be permitted to amend any defects or form in the original papers,' it was held that a defective bond might be amended by the substitution of a new and perfect one, and that a defect in the bond would not be a sufficient cause for quashing the proceedings, unless an opportunity were given to the plaintiff to execute a perfect bond and he declined doing so"—
citing: *Lowry v. Stowe,* 7 Port. (Ala.) 483; *Planters & Merchants' Bank v. Andrews,* 8 Port. (Ala.) 404; *Lowe v. Derrick,* 9 Port. (Ala.) 415; *Tevis v. Hughes,* 10 Mo. 380; *Scott v. Macy,* 3 Ala. 250; *Lee v. Vail,* 2 Scam. (Ill.) 473; *Wood v. Squires,* 28 Mo. 528; *Beardslee v. Morgan,* 29 Mo. 471; *Oliver v. Wilson,* 29 Ga. 642. And continuing said:

"The provision of this statute is no broader than our own, which authorizes the amendment of any pleading or proceeding, for the correction of any mistake in furtherance of justice. The application for a writ of attachment is a proceeding to secure one of the remedies provided by law, and, where the right to amend is given, it makes no difference whether the undertaking be void or only defective. In either case it is the duty of the court to permit the plaintiff to substitute a sufficient undertaking. Drake on Att. § 148. The law requires an undertaking or bond on appeal; but an appeal will not be dismissed because of a defect in or insufficiency of the bond or undertaking before giving the appellant an opportunity to file a new or sufficient one. And so we hold generally that it is within the spirit and meaning of the Code to permit a plaintiff to give a new undertaking in attachment when he finds, by a decision of the court, or otherwise, that the first undertaking is defective or in any manner insufficient. The order dissolving the attachment is set aside, and the cause is remanded to the district court, with directions that the plaintiff have an opportunity to give such a new undertaking in attachment as the law requires."

See, also, 1 Enc. Pl. & Pr. 683; *Mandel v. Peet Simms & Co.,* 18 Ark. 237; *Alex v. Lisby,* 2 Swan. (Tenn.) 107; *Kidd v. Dougherty,* 59 Mich. 240, 26 N. W. 510; 4 Cyc. 538, note 34, and cases cited.

This cause is, accordingly, reversed and remanded, with directions to set aside the order discharging the attachment and permit plaintiff to amend by filing a new bond as required by law.

Dunn, Hayes, and Williams, JJ., concur; Kane, C. J., not participating.