HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, and GIBSON, JJ., concur.

ST. MONICA'S HOSPITAL et al. v. KIRKPATRICK.

No. 32739. Sept. 30, 1947.

*185 P. 2d 179.*

A. C. Markley, of McAlester, for plaintiffs in error.

O. H. Whitt and Bell & Tucker, both of McAlester, for defendant in error.

PER CURIAM. This action was commenced by plaintiff, Valley Credit Service, to recover judgment on an ac-

count wherein the Valley Credit Service acted as assignee of St. Monica's Hospital, a corporation. The petition is as follows:

"The plaintiff, Valley Credit Service, assignee of St. Monica's Hospital, both of Phoenix, Arizona, for cause of action against Charles B. Kirkpatrick, avers:

"That, to wit, in the years 1945 and 1946, at the special instance and request of the defendant, Charles B. Kirkpatrick, the St. Monica's Hospital furnished hospital services of the value and contract price of $988.88, no part of which has been paid. A true, correct, itemized and duly verified statement of said account is hereto attached, as part hereof, marked Ex.A.

"That said transactions were without the State of Oklahoma, and not subject to the intangible tax laws of the State of Oklahoma.

"Wherefore, the plaintiff, Valley Credit Service, assignee of St. Monica's Hospital, of Phoenix, Arizona, prays for judgment against the defendant, Charles B. Kirkpatrick, for the said sum of Nine Hundred Eighty Eight & 88/100 ($988.-88) Dollars, with interest thereon from January 1st, 1946, at the rate of 6% per annum, and for costs, together with all other equitable and proper relief."

An affidavit for garnishment was filed which it is not necessary to analyze in this opinion.

The bond furnished in the cause is as follows:

"Know All Men By These Presents:
"That we, St. Monica's Hospital & Health Center, Inc., Phoenix, Arizona, as Principal, and American Employers' Insurance Company, Boston, Massachusetts, a corporation, duly admitted, authorized and qualified to become surety on bonds, in all courts of the State of Oklahoma, as surety, do hereby acknowledge ourselves bound to pay to Charles B. Kirkpatrick, Defendant, the sum of Two Thousand Dollars and no/100 ($2,000.00), conditioned that the above bounden St. Monica's Hospital and Health Center, Inc., Plaintiff in the above entitled cause will prosecute and

suit to effect and pay all damages and costs that may be sustained by defendant by reason of the wrongful suing out of said garnishment.

"Witness our hands this 29th day of June, 1946.

"St. Monica's Hospital & Health Center, Inc. By Emmett McLaughlin, President.

"American Employers' Insurance Company Surety.

"By J. C. Echlin, Attorney-in-fact.

"By H. C. Windham, Attorney-in-fact for Okla.

"St. Monica's Hospital & Health Center, Inc.

"Effective June 29, 1946. Amount $2,000.00.

"Attest:
Jean M. Donnelly
Secretary
(SEAL)

"Endorsed:
21134 Surety
SY141453
Phoenix, Ariz.
Garnishment Bond

Received and Filed in District Court, Pittsburg County, Oklahoma, July 5, 1946. Clay C. Jones, Court Clerk. By W.E.H. Deputy."

A garnishment summons was issued and served on the First National Bank of McAlester, Okla. The defendant appeared specially and moved to quash the issuance of service of garnishment after the First National Bank of McAlester had filed its answer stating that it had in its possession and credited to the account of defendant the sum of $1,300.

The trial court sustained the motion to quash because the plaintiff was not the party who furnished the bond. After the order sustaining the motion to quash the plaintiff asked leave to amend by supplying a bond in compliance with the provisions of 12 O.S. 1941 §1172.

We are of the opinion and hold that the court erred in not allowing the

plaintiff to furnish a bond in substantial compliance with the above section of the statute. We have no specific provision for the amendment of a bond in attachment or garnishment. We are cited to certain cases by the defendant, among them, House v. Scanlan, 24 Okla. 796, 127 P. 481; Oklahoma State Bank v. Reed, 143 Okla. 131, 288 P. 281, and other cases. We are of the opinion that we need not discuss the rule involved in cases where the trial court has sustained a motion to dissolve and no application has been made to amend the bond or offer a substitute bond in attachment or garnishment. Although we have declared the proceeding with relation to the bond jurisdictional, House v. Scanlan, supra, we have adopted the broad and liberal rule as to the right of amendment. Under a statute permitting the amendment of a defective bond the Supreme Court of Illinois held in Bailey v. Valley Nat. Bank, 127 Ill. App. 332, 19 N.E. 695, that where a former bond was defective the plaintiff had a right to furnish a bond in substantial compliance with the statute.

We have held that the right to amend a bond in attachment is granted by the section of the statute permitting the amendment of defective pleadings. Wells v. McCrady, 24 Okla. 295, 103 P. 605. Cases to the same effect are Bone v. Trafton, 31 Cal. App. 30, 159 P. 819; Peyton v. Peyton, 31 Ga. App. 470, 120 S.E. 689; Griffith v. Milwaukee Harvester Co., 92 Iowa, 634, 61 N.W. 243, 54 Am. St. Rep. 573.

In Wells v. McCrady, supra, we find the following:

"The application for a writ of attachment is a proceeding to secure one of the remedies provided by law, and where the right to amend is given, it makes no difference whether the undertaking be void or only defective. In either case it is the duty of the court to permit the plaintiff to substitute a sufficient undertaking. Drake on Att. sec. 148. The law requires an undertaking or bond on appeal; but an appeal will not be dismissed because of a defect in or insufficiency of the bond or undertaking before giving the appellant an opportunity to file a new or sufficient one. And so we hold generally that it is within the spirit and meaning of the Code to permit a plaintiff to give a new undertaking in attachment when he finds, by a decision of the court, or otherwise, that the first undertaking is defective or in any manner insufficient."

The substance of the rules announced in the foregoing cases is that the purpose of the amendment is to permit the plaintiff to furnish a bond in substantial compliance with the requirements of the statute and thus afford full protection to the defendant. Since the giving of the new bond becomes operative from and after the filing of the proceeding and protects the defendant fully from the time proceeding is begun, the fact that the original bond is not in substantial compliance with the statute has not harmed the defendant.

The cause is reversed and remanded to the trial court, with directions to vacate the order dissolving the attachment and to allow the plaintiff to furnish a bond in substantial compliance with 12 O.S. 1941 §1172, and to take such other proceedings in accordance with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.